## STREMPEK v. LESZCZEWICZ.

1. VENDOR AND PURCHASER—MORATORIUM RELIEF—PARTIES—COURT RULES.

In suit for moratorium relief in summary proceedings brought under defaulted subcontract, owner of vendor interest in original land contract and circuit court commissioner who were regularly made parties to suit by cross-bill of subcontract vendor, assignee of interest of purchasers under original contract, and by personal service of chancery summons *held*, not entitled to dismissal of cross-bill also seeking moratorium relief because of noncompliance with court rule providing for substituting or adding new parties to a cause of action since such court rule is inapplicable to the situation (Court Rule No. 29 [1933]).

2. SAME—MORATORIUM RELIEF—DISCRETION OF COURT.

Moratorium order requiring purchaser under subcontract to pay court a monthly sum to be applied first upon taxes and balance upon balance due under original land contract *held*, not an abuse of discretion.

SHARPE, J., dissenting.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 2, 1936. (Docket No. 17, Calendar No. 38,957.) Decided December 28, 1936.

Bill by Walter Strempek against Mary Leszczewicz to obtain relief under the moratorium act. Moratorium order entered. Cross-bill by defendant against Clara Jurkiewicz and Robert E. Sage, circuit court commissioner, to enjoin summary proceedings. From denial of cross-defendants' motions to dismiss cross-bill and vacate order for moratorium, cross-defendants appeal. Affirmed.

*Benjamin D. Burdick,* for defendant.

*Stan. C. Pietraszewski,* for cross-defendants.

SHARPE, J. (*dissenting*). On March 23, 1920, John Jurkiewicz and wife sold a 45-acre farm to Louis Sak and wife and John Kielanski and wife on a land contract for the sum of $9,000, payable $4,000 down and the balance in semi-annual payments of $100 or more with interest. December, 1923, Kielanski and wife assigned their interest in the premises to Sak and wife.

March 19, 1931, Sak and wife entered into a contract with Walter Strempek, plaintiff herein, for the purchase of the property. In August, 1933, Sak, a widower, sold his interest in the land contract to Mary Leszczewicz, appellee herein, subject to the balance owing on the land contract, namely $2,270.

Walter Strempek having defaulted in his payments as required in the contract of purchase, proceedings were instituted against him by Mary Leszczewicz; and in March, 1934, a judgment for restitution of the premises was obtained by Mary

Leszczewicz. On June 2, 1934, Walter Strempek, plaintiff, filed a bill of complaint in the circuit court of Wayne county seeking relief under the moratorium act and on August 1, 1934, an order was entered by the Hon. Thomas J. Murphy granting relief upon the condition that plaintiff pay $12.50 per month as a rental value and upon petition of Mary Leszczewicz this rental was increased to $20 per month as of May 25, 1935. However, before this last order was signed, Clara Jurkiewicz, survivor of herself and her husband John Jurkiewicz, vendors under the first land contract, instituted summary proceedings against Mary Leszczewicz and on July 17, 1935, an order was entered in which plaintiff Walter Strempek was ordered to pay his monthly rentals to the county clerk pending the determination of the foreclosure proceedings. On July 31, 1935, Mary Leszczewicz filed a cross-bill seeking moratorium relief and on August 19, 1935, an order was entered providing that the $20 per month paid by plaintiff Strempek be applied first upon unpaid taxes and the balance upon Mary Leszczewicz' contract indebtedness to Clara Jurkiewicz.

On August 15, 1935, the attorney for Mary Leszczewicz and the attorney for Clara Jurkiewicz appeared before the circuit court at which time the attorney for Clara Jurkiewicz stated that he was appearing in the cause entirely on jurisdictional grounds. The attorney for appellants filed a motion to dismiss the cross-bill of complaint filed by appellee and later filed a motion to vacate the moratorium order. Both motions were denied September 17, 1935, from which orders appellants appeal.

Court Rule No. 49 (1933), provides the method for substituting or adding new parties to a cause of action. It was not complied with in this cause, nor

were the jurisdictional irregularities waived by any subsequent act of appellants' attorneys.

The decree of the trial court in so far as it affects the appellants should be reversed. Appellants should recover costs.

FEAD, J. Appellants were regularly made parties to the suit by cross-bill and personal service of chancery summons on them. *Griffin* v. *Griffin*, 112 Mich. 87. Court Rule No. 49 (1933) has no application to the situation.

The record does not indicate that the court abused its discretion in ordering moratorium relief.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL and TOY, JJ., concurred with FEAD, J. POTTER, J., did not sit.