Myers, J.
 

 What new legal relationship, if any, was created between the defendant, Morris, and Wilkinson by reason of the latter getting into the defendant’s automobile for the purpose of pointing out to the defendant where a certain man by the name of Shindler lived. Plaintiff, as the administrator of the estate of Wilkinson, contends that Wilkinson was a passenger for compensation while the defendant contends that he was a guest within the meaning of Section 6308-6, General Code, generally referred to as the Guest Statute of Ohio.
 

 The Court of Appeals reversed the judgment of the Court of Common Pleas on the weight of the evidence. But Morris, hereinafter referred to as the defendant, urges that the appellate tribunal should have gone further and rendered final judgment in his favor on the ground that Wilkinson was a guest within the meaning of the statute, which reads as follows:
 

 “The owner, operator or person responsible for the
 
 *378
 
 operation of a motor vehicle shall not he liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
 

 In charging the jury, the trial court stated, and it is conceded, that there was no evidence tending to prove defendant Morris guilty of wilful or wanton misconduct. The court submitted the question as to whether Wilkinson was a guest under the statute and, if the jury should find that he was not a guest, whether the defendant had failed to exercise ordinary care for the safety of Wilkinson.
 

 An examination of legal authorities discloses that various terms' are used to designate the different capacities in which a person may be riding in the automobile of another. The terms most commonly used are “guest’’’ and “passenger,” and less frequently “licensee” and “invitee.” The liability of an owner or driver of an automobile for negligence toward a person being transported in such automobile is usually,
 
 but not always,
 
 determined by the fact whether such person is a guest or a passenger for hire.
 

 In seeking to determine whether Wilkinson, when he got into the defendant’s automobile, legally came within the definition of any one of the f oregoing terms* we at once rule out the term “licensee.” Wilkinson was' not a mere licensee in the defendant’s automobile. He was invited into the car for a definite purpose.
 

 In the instant case, Wilkinson was not a licensee but an invitee for the benefit of the defendant. But the invitation extended by the defendant was not primarily to give Wilkinson and Alford a ride in the automobile. The invitation wjas tendered in order that the two men might show the defendant where Shindler
 
 *379
 
 lived. The language of the defendant was “Boys, come along with me, and show me where it is.” The invitation was not primarily to accept a ride but to do a favor for the defendant. It was not a transportation transaction that was being entered into. The ride was wholly incidental to the main purpose of'showing the defendant where Shindler lived.
 

 Under such circumstances was Wilkinson a guest within the purview of Section 6308-6,• General Code? In construing the phrase, “a guest while being transported without payment therefor,” we are obliged to consider not only the ordinarily accepted meaning of the words used, but also such interpretation as may have been applied to such words under the common law or similar statutes.
 

 Massachusetts has no guest statute but the courts of that state, under common law, have evolved a guest rule by judicial decision. In
 
 Lyttle
 
 v.
 
 Monto,
 
 248 Mass., 340, 142 N. E., 795, a nine-year-old boy had been requested by the driver of a delivery truck to show him to a certain address. The court allowed the boy to recover for personal injuries on the ground that he was not a guest. In
 
 Jackson
 
 v.
 
 Queen,
 
 257 Mass., 515, 154 N. E., 78, a purchaser of goods who had been requested by the vendor to guide the deliveryman to the place of delivery was held not subject to the rule preventing recovery for personal injuries by one riding as a guest. In
 
 Labatte
 
 v.
 
 Lavallee,
 
 258 Mass., 527, 155 N. E., 433, the court held that one who accompanied defendant on a business call at the latter’s request for the purpose of advising defendant was not a guest in defendant’s car.
 

 See also
 
 Peters
 
 v.
 
 Johnson,
 
 124 Ore., 237, 264 P., 459, decided before the Guest Statute was enacted in that state.
 

 Persons carried gratuitously are usually termed guests while those carried for hire are generally called passengers'. Volume 2, Restatement of Law of Torts,
 
 *380
 
 1272, Section 490. There are, likewise, instances where the courts have held that not every one riding in an automobile without paying for a ride is a guest.
 
 Knutson
 
 v.
 
 Lurie,
 
 217 Iowa, 192, 251 N. W., 147;
 
 Hunter
 
 v.
 
 Baldwin,
 
 268 Mich., 106, 109, 110, 255 N. W., 431..
 

 On the other hand, all occupants of cars, whether they pay compensation or not, are frequently referred to as passengers. The statute we are asked to construe is sometimes called the guest-passenger law. But the word “passenger” is not used in the statute. The trial court in this particular case charged the jury that it was to determine “when a passenger is a guest in contemplation of law.” In at least one jurisdiction it is said that the liability for mere negligence is to be determined by the fact whether the occupant was “a guest or gratuitous passenger” or “a passenger for hire.” The court in the instant case included in its instructions to the jury the following: “A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a car, who accepts such hospitality and takes a ride either for his own pleasure or on his business' without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company.” This definition of a guest, as given by the court, was taken directly from the decision of
 
 Crawford
 
 v.
 
 Foster,
 
 110 Cal. App., 81, 293 P., 841, and was specifically approved as a proper test in
 
 Langford
 
 v.
 
 Rogers,
 
 278 Mich., 310, 317, 318, 270 N. W., 696. That definition also meets' with our approval.
 

 Under the California statute a guest is defined as “a person who accepts a ride in any vehicle without giving compensation therefor.” California Statute 1929, page 1580, Section 141-3/4. In Michigan it is provided that “no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a caus'e of
 
 *381
 
 action” unless gross negligence, or wilful and wanton misconduct is shown.
 

 Similar statutes enacted in Connecticut, Iowa and Oregon, while not in identical language, have approved the test for liability as to whether the person is transported gratuitously. 95 A. L. R., 1180. In some statutes the word “guest” is used, and in others the word “person.” From the fact that a guest is generally defined as one who is riding gratuitously by invitation or permission, it would seem that the rule set forth by the trial court is sound and reasonable. See Volume 2, Restatement of Law of Torts, Section 490.
 

 Payment, in its narrow sense, is the transfer of money or property, or something of value, in discharge of an existing obligation.
 
 Haas
 
 v.
 
 Bates,
 
 150 Ore., 592, 47 P. (2d), 243. It is not contended, however, that the word payment, as used in the Guest Statute, should be strictly construed. In jurisdictions where liability in the absence of statute could be imposed only in event of gross negligence, it is said that, while the conferring of a pecuniary benefit gives rise to a duty to exercise ordinary care, the conferring of a non-pecuniary benefit may likewise give rise to such a duty.
 
 Semons
 
 v.
 
 Towns,
 
 285 Mass., 96, 188 N. E., 605.
 

 The Guest Statute is in derogation of the common law and, therefore, must be strictly construed.
 
 Hunter
 
 v.
 
 Baldwin, supra.
 
 The statute was intended to prevent a person who was getting a free ride from suing his benefactor, unless there was wilful or wanton misconduct. The benefactor here was not the defendant, but Wilkinson. Wilkinson was an invitee for the benefit of the defendant and the benefit was tangible. This being true, the defendant cannot claim the protection of the statute. In such a situation the law of negligence applicable before the enactment of the Guest Statute still governs. Thé defendant was required to exercise ordinary care for the safety of Wilkinson. See
 
 Russell
 
 v.
 
 Parlee,
 
 115 Conn., 687, 163 A., 404;
 
 Jackson
 
 v.
 
 Queen,
 
 
 *382
 

 supra; Garrett
 
 v.
 
 Hammack,
 
 162 Va., 42, 172 S. E., 535.
 

 Since there is evidence to show that Wilkinson made the trip not for his own pleasure but for the benefit of Morris, the trial court properly submitted the question of whether Wilkinson came within the terms of the statute.
 
 Porter
 
 v.
 
 Decker
 
 (Iowa), 270 N. W., 897;
 
 Streeter
 
 v.
 
 Locke
 
 (Mass.), 4 N. E. (2d), 297.
 

 The Court of Appeals was not in error in refusing to render final judgment. Inasmuch as the Court of Appeals reversed the judgment in favor of appellee on the ground that it was against the weight of the evidence, the judgment of the Court of Appeals will be affirmed and the cause remanded for further proceedings in accordance with law.
 

 Judgment affirmed and cause remanded.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Gorman, JJ., concur.