Hart, J.
 

 In the decision of this case the court is called upon to construe Section 6308-6, General Code,
 
 *333
 
 in the light of the facts presented by the record. The language of the statute in question is as follows:
 

 “The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss, or damage arising from injuries to or death of a guest, while being transported
 
 without payment therefor
 
 in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.” (Italics ours.)
 

 Much effort is put forth by counsel for appellee in brief and oral argument in support of a contention that the decision in this case should be largely influenced, if not -controlled, by the terms and purposes of the-contract heretofore entered into by the parties as set out in the record, which contract is said to have been entered into in furtherance of the present war effort.
 

 At the outset, we think it must be conceded that this, court is called upon to construe the statute, and not the contract; that the legal status of the plaintiff' toward the defendants with respect to their transportation must depend upon the statute as applied to-the facts which include the contract as incidental thereto; that the court may look to the contract only for the purpose of determining the factual relationship of the parties to each other; and that the court must, in construing the statute, adopt the intent of the General Assembly as gathered from its expression therein.
 

 Incidentally, it’ is the duty of a court when called' upon to determine the common law to be applied to any matter governed thereby, to take into consideration the demands of common experience which have resulted in established custom adopted as a rule of conduct in the life of the people as related to the subject matter under consideration; but when the people, through
 
 *334
 
 the legislative branch of government, commit a rule of law, applicable to a specific situation, to the formalities of a written statute, the court is obliged to give force to such statute according to its express terms and plain intent. 37 Ohio Jurisprudence, 508 and 511, Sections 275 and 277;
 
 Krueger
 
 v.
 
 Krueger, Gdn.,
 
 111 Ohio St., 369, 145 N. E., 753. The adoption of any other rule upon the part of the court would constitute a usurpation of the legislative function and would be a plain abuse of judicial discretion. 37 Ohio Jurisprudence, 488 and 490, Sections 267 and 268.
 

 The court has nothing to do with the wisdom or unwisdom of the provisions of the statute, and if its plain terms, reasonably construed, do not give the relief desired, the remedy lies with the legislative branch of the state government.
 
 State, ex rel. Bishop,
 
 v.
 
 Board of Education of Mt. Orab Village School District,
 
 139 Ohio St., 427, 438, 40 N. E. (2d), 913. Courts are frequently urged to construe statutes in the light in which they appear when the construction is required. But the established rule is that statutes are to be read in the light of attendant'circumstances and conditions, and are to be construed as they were intended to be understood, when they were passed.
 
 United States
 
 v.
 
 Union Pacific Rd. Co.,
 
 91 U. S., 72, 23 L. Ed., 224;
 
 Schuyler County
 
 v.
 
 Thomas,
 
 98 U. S., 169, 25 L. Ed., 88;
 
 In re Bergeron,
 
 220 Mass., 472, 107 N. E., 1007;
 
 St. John’s Military Academy
 
 v.
 
 Edwards, Treas.,
 
 143 Wis., 551, 128 N. W., 113, 139 Am. St. Rep., 1123. See 37 Ohio Jurisprudence, 628, 633, Sections 346 and 347.
 

 It must be apparent that a statute must have substantially the same construction under the same factual circumstances even though such circumstances may present themselves at different periods of time. There cannot be one construction in peace time and another in war time as to the same factual situation, unless appropriate provision is made therefor in the statute itself.
 

 
 *335
 
 The language of a statute, designed to provide a substantial remedy for an admitted evil, should be given a fair construction in order to advance the remedy and correct the evil sought to be abated.
 
 Iroquois Co.
 
 v.
 
 Meyer,
 
 80 Ohio St., 676, 89 N. E., 90. However, if the General Assembly has not made the remedy coextensive with the evil by the terms of the act, a court cannot do so by construction.
 
 State, ex rel. Peters, v. McCollister,
 
 11 Ohio, 46, 56.
 

 The statute must be construed to effectuate its purpose, but, being 'in derogation of the common law and the rights of those who may_ be injured by the negligent operation of an automobile while being transported therein, its general provisions must be strictly construed, while the exception under consideration in this case must be liberally construed in favor of those who come within the purview of such exception. 37 Ohio Jurisprudence, 724, 730, Sections 403, 409;
 
 National Cash Register Co.
 
 v.
 
 Cervone,
 
 76 Ohio St., 12, 80 N. E., 1033;
 
 State, ex rel. Hunt, Pros. Atty.,
 
 v.
 
 Fronizer,
 
 77 Ohio St., 7, 82 N. E., 518;
 
 Barber v. Knowles,
 
 77 Ohio St., 81, 82 N. E., 1065;
 
 State, ex rel. Morris,
 
 v.
 
 Sullivan,
 
 81 Ohio St., 79, 90 N. E., 146;
 
 McCann
 
 v.
 
 Hoffman,
 
 9 Cal. (2d), 279, 70 P. (2d), 909.
 

 With these observations, we now come to the construction of the statute in the light of the factual situation presented by the record in this case. Under the clear provisions of the statute in question, the operator of a motor vehicle is not liable for the negligent operation thereof resulting in injury to a person invited to ride with him, unless such operator accepts payment for such transportation or unless he is guilty of wilful or wanton misconduct resulting in such injury ; but if any payment which may be considered as payment for' transportation is accepted by the operator of such motor vehicle, the statute does not apply and the operator is not protected. This is a clear limi
 
 *336
 
 tation upon the relief otherwise granted by the General Assembly through the statute, and such limitation cannot be deleted or eliminated by construction.
 

 The issue then harrows down to the question as to what constitutes payment for transportation and whether there was such payment under the circumstances of this case.
 

 This court held in the case of
 
 Duncan v. Hutchinson,
 
 139 Ohio St., 185, 39 N. E. (2d), 140, that:
 

 “The sharing of the cost of gasoline and oil consumed .on a motor vehicle trip taken for mutual pleasure or social purposes, without any business aspect, does not transform into a passenger one who without such exchange would be a guest, and is not ‘payment’ for transportation within the meaning of the Ohio Guest Statute (Section 6308-6, General Code), so as to make the automobile host liable to such guest in the absence of wilful or wanton misconduct.”
 

 This court believes that a proper test was applied in the construction of the statute in question in that case and must, likewise, be applied to the facts in this case. In that case the question before the court was whether the offer to pay a share of the cost of gasoline and oil consumed on the trip in question constituted a payment for transportation, or whether the trip was ■one of a purely social nature, and whether as a result the offer constituted a mere courtesy or social amenity ■rather than a payment for transportation. This court took the position that the trip under consideration in that case had a purely social and not a business aspect; that the offer to pay for gasoline and oil consumed was not in the contemplation of the parties, or in fact, a payment for transportation. So here, the court is of opinion that if the trips are made by the defendants with the plaintiff for a purely social or incidental purpose, the statute applies, but that if they have a business aspect or provide a recognized mutual economic
 
 *337
 
 benefit, .the exemption otherwise granted to the plaintiff by the statute, does not apply.
 

 Generally, when it appears that a contract for transportation bears one or more of the indicia of a business arrangement, and especially where such arrangement is specifically for transportation, or comprehends a trip of considerable magnitude or contemplates repeated and more or less Regular rides, even though the ultimate purpose may be for pleasure, the person paying for gasoline and oil consumed, or other automobile expenses, is held to be a passenger and not a guest. See cases cited in
 
 Duncan
 
 v.
 
 Hutchinson, supra,
 
 pages 192, 193. See, also,
 
 Walker
 
 v.
 
 Adamson,
 
 9 Cal. (2d), 287, 70 P. (2d), 914;
 
 McCann
 
 v.
 
 Hoffman, supra; Peccolo
 
 v.
 
 City of Los Angeles,
 
 8 Cal. (2d), 532, 66 P. (2d), 651;
 
 Bree, Admr.,
 
 v.
 
 Lamb,
 
 120 Conn., 1, 178 A., 919;
 
 Smith
 
 v.
 
 Clute,
 
 277 N. Y., 407, 14 N. E. (2d), 455. As to who is a guest under the so-called “Guest Statute” see annotations in 82 A. L. R., 1365 and 95 A. L. R., 1180.
 

 What are the indicia which bear upon the question as to whether a trip has a social or business aspect? Some of them may be noted as follows: (a) Nature of the relationship between the motorist and the party transported. Are they social friends, strangers, or business associates? (b) Nature or object of the trip. Is the trip made for pleasure or social recreation, or is it made for business reasons? (c) Nature of the arrangement as to whether it is casual or whether there is a definite and specific contract, (d) Is the arrangement an isolated instance, incidental in nature, or does it have an element of permanency and continuity? (e) Nature of the payment. Is it incidental or is it fixed and certain? (f) Is the payment adequate or inadequate for the service rendered? Adequacy or inadequacy of payment is only important where there is no specific or express contract for trans
 
 *338
 
 portation. If the payment was adequate, it. may be inferred that there was an implied contract for carriage as a passenger, and where the payment was inadequate, it may be inferred that there was no such implied contract. But, where there is a specific contract for transportation, it matters not whether the payment is or is not commensurate with the cost of' such transportation.
 
 ¡
 

 This distinction was pointed out in the opinion in the
 
 Duncan case, supra,
 
 in these words:
 

 “Keeping in mind the purpose of the statute, it would seem that any expense money paid by a person for a ride in an automobile which is not substantially commensurate with the cost of such transportation will not take him out of the guest status fixed by the statute,
 
 wnless payment for transportation as such ivas actually agreed upon.”
 
 (Italics ours.)
 

 Even though a party being transported pays only a portion of the cost of such transportation, such as for a share of the gasoline and oil consumed, but pays it in •consideration for his transportation in connection with .and for the prosecution of his business, it constitutes payment for transportation as contemplated by the •statute. A case similar to the one at bar was recently before the Court of Appeals of Summit county. The court there held that a person who had a verbal contract of long standing with another whereby he paid ■the other 75c per week as his share of the cost of gasoline, oil and parking incidental to the operation of the other’s automobile in transporting him from his home to his place of employment and return, was not a guest but a passenger while being transported to his home.
 
 Dougherty, Admr.,
 
 v.
 
 Hall,
 
 70 Ohio App., 163, 45 N. E. (2d), 608; motion to certify overruled by Supreme Court, No. 28926 (January 14, 1942.)
 

 The only case which may seem to be in apparent conflict with the doctrine here stated is
 
 Everett
 
 
 *339
 
 v.
 
 Burg,
 
 301 Mich., 734, 4 N. W. (2d), 63. In that case .six fellow-employees residing at Saline, Michigan, arranged for their joint transportation to and from their place of employment at Milan, Michigan, a distance ■of 10 miles, by five of them alternating each week in •driving their respective automobiles for that purpose, the sixth paying the driver for each week the sum of 75c for his transportation. One of these fellow-employees who took turns in driving his car was killed while riding to work in the car operated by another such employee. The Supreme Court of Michigan, in which state there is a guest statute almost identical with that of this state, held that the arrangement between such driver-émployee and killed-employee did not thereby create a relationship of passenger for hire .so as to entitle the personal representative of the one who was killed to recover for alleged negligence where no gross negligence was claimed, there being merely an exchange of amenities as between host and guest.
 

 It may be suggested that the facts in that case would have more nearly paralleled those in the present case if accidental death had occurred to the one who paid •cash for his transportation. Whether such change in facts would have modified the holding of the court •cannot, from the report of the case, be determined.
 

 It is interesting to note, however, that in the earlier ■case of
 
 McGuire
 
 v.
 
 Armstrong,
 
 268 Mich., 152, 255 N. W., 745, where a county or township patient was being transported to an optical clinic by a county nurse •employed and paid by the county, the same court held that the patient was not a guest but a passenger whose transportation was paid for, and that the test whether .a passenger injured or killed in an automobile accident was a “guest” within the Guest Statute, is whether the transportation was furnished gratuitously. That ■case is neither overruled nor distinguished in the later Michigan case above referred to.
 

 
 *340
 
 The parties in the instant case by their contract expressly declare that the payment made by each of the two defendants is approximately one-third of the cost of the gasoline and oil consumed in such daily trips. This declaration was doubtless made to avoid an implication that the payment is for transportation. But it is of little moment as to what the exchange is called or how it shall be applied by the plaintiff. More important is what the payment secured for the defendants. What the defendants were seeking was transportation to and from their place .of employment, and this arrangement was but a substitute for transportation by any other means.
 

 The nature and objective of the ride upon the part of the defendants was to be transported to their place of employment and in turn back to their homes. These trips clearly were not made for pleasure or social purpose. The contract was not for an isolated instance, for a single trip or an occasional trip, but it constituted a most comprehensive arrangement for a continuous transportation to and from work. The amount of payment was fixed and certain. Even if inadequate for the cost of transportation, it constituted an economic benefit to the plaintiff since he was obliged to make the trip on his own account to reach his own employment. The terms of the contract fully confirm the proposition that the arrangement for transportation had a clear business aspect and that the payment was made for transportation as such.
 

 It is just as important to the war effort to provide security for the worker who is injured, or to his dependents in case of his death, from the negligent acts of the motorist transporting him to and from his place of employment, as it is to conserve the tires of the vehicle in which he is transported. The motorist has an
 
 *341
 
 •opportunity to protect himself against liability in the operation of his motor vehicle by the exercise of due ■care, but the worker who is his passenger has no opportunity to protect himself against the possible negligence of the motorist.
 

 Under such circumstances, who can say that the •General Assembly, in the passage of the Guest Statute, did not carefully balance the rights and interests of the operator of the motor vehicle as well as his passenger, by providing that the protection of the statute is afforded to an operator only when the transportation is given “without payment therefor.” The statute gives the operator an option subject to his choice in the matter. If he incurs liability it is because he has chosen to accept a benefit, as a result of which his liability arises. The statute visits no unjust hardship ■on him.
 

 It is the unanimous opinion of this court that the judgment of the Court of Appeals should be reversed .and final judgment entered for the defendants.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell, Williams and Turner, JJ., concur.