## Milkovich *v.* Bune, Appellant.

16

Argued March 31, 1952. Before Drew, C. J., Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

reargument refused June 24, 1952.

*George Y. Meyer,* with him *George I. Buckler,* for appellant.

*John E. Evans, Jr.,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE JONES, May 26, 1952:

George Bune, the defendant's decedent, solicited the loan of an automobile in Pittsburgh from Edward Milkovich for the purpose of transporting a friend to the latter's home in Cleveland, Ohio. Milkovich stipulated that Bune take along Daniel Milkovich, Edward's brother, so that Daniel could attend to some business in Cleveland for the Milkoviches' father. Bune assented and the trip was undertaken in the borrowed automobile with Bune doing the driving. Daniel Milkovich did not have a driver's license at the time. While Bune and Daniel were returning from Cleveland, their car collided with a tractor-trailer truck in Ohio and, as a result, Bune was killed and Daniel seriously injured. Daniel sued the administratrix of Bune's estate for damages for his injury, joining as a party defendant Zeno Brothers Trucking Company, Inc., the owner of the tractor-trailer. The jury returned a verdict for the plaintiff against the estate of George Bune and, by direction of the court, a verdict for Zeno Brothers Trucking Company, Inc. The court overruled the administratrix's motion for judgment n.o.v. and entered judgment on the verdict against her from which the administratrix has appealed.

The principal question raised by the appellant is whether, under the evidence, the plaintiff was a non-paying guest in the car driven by Bune and, consequently, barred from a right of action against Bune's estate under the law of Ohio which governs the substantive rights of the parties: see *Rodney v. Staman*, 371 Pa. 1, 89 A. 2d 313. The pertinent law of Ohio is that State's Guest Statute (4A, Page, Ohio General Code Annotated, Section 6308-6) which provides in part presently material as follows: "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or dam-

age arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

It is plain from the already recited facts favorable to the verdict that the evidence warranted a finding by the jury that the decedent Bune would not have had the use of Edward Milkovich's car to transport his friend to Cleveland had he not agreed to take Daniel Milkovich with him. The defendant administratrix, herself, had the trial judge submit to the jury the following special interrogatory,—"Was the decedent, George Bune, transporting the plaintiff, Daniel Milkovich, to and from Cleveland for any payment, consideration or special benefit to George Bune?" The jury answered the question in the affirmative and returned a general verdict for the plaintiff. The evidence fully justifies the answer. It would seem, therefore, that the only ground open to the appellant in support of her contention of no liability is that, despite the fact that her decedent received "payment, consideration or special benefit" for carrying Daniel Milkovich, it was not such "payment" as the Ohio Guest Statute contemplates. Accordingly, it becomes necessary (see *Mackey v. Robertson,* 328 Pa. 504, 506, 195 A. 870) to examine the interpretation placed by the courts of Ohio upon the term "payment" in the Statute.

As the Statute is in derogation of the common law, it is to be construed so as to confine its application strictly: *Dorn v. Village of North Olmsted,* 133 Ohio St. 375, 381, 14 N.E. 2d 11. In applying the Ohio Statute in *O'Hagan v. Byron,* 153 Pa. Superior Ct. 372, 375, 33 A. 2d 779, the Superior Court of this State adopted the

following definition of a "guest" as contained in the *Dorn* case, supra,—" 'A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a car, who accepts such hospitality and takes a ride either for his own pleasure or on his business *without making any return to or conferring any benefit upon* the driver of the car other than the mere pleasure of his company' " (Emphasis supplied). The clear implication of the foregoing statement is that the term "payment" in the Statute is not restricted to "the transfer of money or property, or something of value": *Dorn v. Village of North Olmsted,* supra, at p. 381; and *Duncan v. Hutchinson,* 139 Ohio St. 185, 189, 39 N.E. 2d 140.

The appellant argues, however, that, in order to take an automobile passenger out of the Ohio Guest Statute, there must be a "business relationship" between the transporter and the passenger. The cases cited by the appellant in support of this proposition are ones where there is no evidence of any benefit conferred upon the driver other than one growing out of a more or less business purpose such as where men take turns driving each other to and from work under a guest expense-sharing arrangement. The question in each of these cases was whether the "business relationship" was of such a nature as to supply the "payment" contemplated by the Ohio Statute: see, e.g., *Miller v. Fairley,* 141 Ohio St. 327, 48 N.E. 2d 217; *Angel v. Constable,* 40 Ohio Abs. 1, 57 N.E. 2d 86; *Duncan v. Hutchinson,* supra; *Workman v. Thompson,* 141 Ohio St. 287, 47 N.E. 2d 996; *Hasbrook v. Wingate,* 152 Ohio St. 50, 87 N.E. 2d 87; and *Voelkl v. Latin,* 58 Ohio App. 245, 16 N.E. 2d 519. None of these cases hold that, where a benefit to the driver can be shown, there must also exist a "business relationship" between the driver and his passenger. While the presence of such a relation

may facilitate a finding of the requisite "payment", its absence does not mean that "payment" is not adequately evidenced otherwise by some benefit conferred on the driver: see, e.g., *Dorn v. Village of North Olmsted,* supra; *Zaso v. DeCola,* 72 Ohio App. 297, 51 N.E. 2d 654; *O'Hagan v. Byron,* supra. The fact is that the definition of "guest" as given in the *Dorn* case, supra, was restated in all material essentials in *Hasbrook v. Wingate,* supra, which is one of the "business relationship" cases upon which the appellant relies so heavily. Thus, the *Hasbrook* case confirmed that "The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest." In *Duncan v. Hutchinson,* supra, the court undertook to catalogue the type of cases in which automobile passengers were held not to be within the disqualification of the Ohio Guest Statute. Besides the situations having a business aspect, the opinion lists several categories quite devoid of any such relationship, one of which can well be thought to cover the facts of the instant case. That situation is thus described: "(4) when a substantial or tangible benefit is conferred upon the automobile host in lieu of and for the transportation [citing cases]."

Here, there is evidence from which the jury could, and presumably did, find that, without the presence of the plaintiff in the automobile, the defendant's decedent would not have had the use of the car for his own particular purposes. It was no doubt because of such a finding that the jury specifically answered, as it did, the special interrogatory submitted by the defendant. We have not been cited any Ohio authority on the basis of which we could hold that the "special benefit" found in this case did not, as a matter of law, constitute the

"payment" contemplated by the Ohio Guest Statute. On the contrary, we are of the opinion that the Ohio cases require us to hold that the plaintiff is outside the limitations of that Statute.

Appellant raises a question of alleged variance between the complaint and the evidence contending that the plaintiff averred that he was a guest but offered testimony at trial to prove otherwise. There is no merit in this contention. The plaintiff averred that both he and the deceased driver were guests of the owner of the car, an averment which, as noted by the trial judge, is in no way inconsistent with the evidence that plaintiff's presence in the automobile conferred a benefit upon the deceased driver.

Judgment affirmed.