THE STATE, EX REL. MEYERS, *v.* BALDWIN.

(No. 852—Decided April 15, 1953.)

*Mr. Elliott E. Meyers, in propria persona,* for relator.

*Mr. A. J. Layne* and *Mr. J. Earl Pratt,* for respondent.

COLLIER, J. The relator, an attorney, by this action seeks to invoke the jurisdiction of this court in quo warranto to determine the validity of the ap-

pointment of respondent as a member of the Board of Education of Lawrence County. The question of relator's right to maintain this action has been waived by the respondent, and the cause has been submitted upon an agreed statement of facts which, briefly stated, are that on September 29, 1952, there was a vacancy on the board; that at a regular meeting of the board on that date the remaining four members were present; that after ordering the payment of certain bills, one member, George G. Hunter, left the meeting in answer to a professional call from the hospital; that thereupon, Robinson, another member of the board, moved to increase the salary of two clerks in the county superintendent's office, whereupon a second member, De Priest, left the meeting, leaving only two members present, Robinson and Baker; that no action was taken by the board excusing Hunter and De Priest from the meeting; that Robinson, one of the two members then present, moved to appoint the respondent, Dewey Baldwin, as a member of the board to fill the vacancy in its membership; that Baker, the other member present, seconded the motion and both Baker and Robinson voted "yes"; and that at the meeting of the board on October 7, 1952, the respondent, Baldwin, was present and participated as a member thereof and voted with Baker and Robinson on several matters of business, the other two members, Hunter and De Priest, not voting.

These facts present only the one question whether the two members who remained in the meeting after the other two had left had the power to make the appointment to fill the vacancy.

The manner of filling a vacancy on a board of education is controlled by Section 4832-10, General Code, which provides as follows:

"Any such vacancy shall be filled by the board at

its next regular or special meeting. A majority vote of all the remaining members of the board may fill any such vacancy * * *.''

As a matter of simple arithmetic, a vote of two members of a board of four members is not a majority. However, the respondent contends that all four members were present when the meeting opened, and that when two members left without being properly excused, they acquiesced in the action taken by the two members who remained.

Respondent relies on the case of *State, ex rel. Shinnich,* v. *Green,* 37 Ohio St., 227, decided in 1881, in which common-law principles were applied to determine the election of a clerk of the city of Zanesville. In that case it was held that, a quorum being present, a majority of those members who vote is all that is necessary to elect the clerk. That case is easily distinguished from the present one, both on law and facts. In the *Shinnich case* all eighteen members were present when the voting took place, and nine members refused to vote because of the method followed in electing a clerk. In the instant case only two members of the board were present when the motion was made and the vote on the appointment was taken. In the case cited the action of the board was not controlled by statute and common-law rules were applied, but in the instant case the situation is controlled by Section 4832-10, General Code, above quoted, which provides that ''a majority vote of all the remaining members of the board may fill any such vacancy,'' and not ''a majority of those voting'' which was held in the *Shinnich case* to be the common-law rule.

A statute enacted in derogation of the common law displaces or supersedes common-law principles. See 37 Ohio Jurisprudence, 344, 588, Sections 51, 328, and 8 Ohio Jurisprudence, 242, Section 138; *Leis*

v. *Cleveland Ry. Co.*, 101 Ohio St., 162, 128 N. E., 73; *Drake* v. *Rogers,* 13 Ohio St., 21; *Knapp* v. *Thomas,* 39 Ohio St., 377, 48 Am. Rep., 462; *Miller* v. *Fairley,* 141 Ohio St., 327, 48 N. E. (2d), 217. Referring to a former common-law rule, Okey, J., in the opinion in the *Knapp case* said:

"Possibly it was in force here during our territorial existence (1 Chase, 190, 512, 528), but if so, clearly since the state was formed, it has been as completely obsolete as the rule which formerly existed (2 Strange, 1203; 1 Chitty's Cr. L 469), requiring a man charged with felony to plead his pardon kneeling, and pay four guineas to each of the judges."

The plain, unambiguous provisions of Section 4832-10, General Code, may not be avoided except by repeal or by enactment of another statute by the Legislature, and may not be extended by implication. The respondent, having received only the votes of two members of a four-member board, is short of a majority of the remaining members of the board as required by statute, and therefore his appointment is illegal. It follows that all actions of the board at the meeting of October 7, 1952, under the conditions stated in the agreed statement of facts, are invalid and a nullity, and must be set aside and held for naught.

*Judgment accordingly.*

GILLEN, P. J., and McCURDY, J., concur.