Matthias, J.
In this jurisdiction, if a guest is to recover from his host for injuries received while riding in the motor vehicle of such host, it must be shown that the willful or wanton misconduct of the latter constituted the proximate *30 cause of the guest’s injury. Apparently, the plaintiff herein has abandoned her allegations of willful and wanton misconduct on the part of defendant’s decedent and now relies solely upon the allegations of ordinary negligence as the basis of her right of recovery.
Consequently, the question which confronts us is whether the evidence presented at the trial of this cause by the plaintiff herein was such as could lead reasonable minds to conclude that plaintiff’s decedent, while riding in the motor vehicle of defendant’s decedent, was a “passenger for payment” in such vehicle rather than a “guest” within the purview of Section 4515.02, Revised Code (the Ohio guest statute). It was error for the trial court to direct a verdict for the defendant if reasonable minds could so find.
Because this cause is before the court by virtue of a directed verdict against the plaintiff herein, we must assume the truth of that evidence as shown in the record, plaintiff’s evidence will be given its most favorable interpretation, and every material fact which such evidence tends to prove will be taken as established. Wells v. Van Nort, 100 Ohio St., 101, 125 N. E., 910; Hoyer, Admr., v. Lake Shore Electric Ry. Co., 104 Ohio St., 467, 135 N. E., 627; Higbee Co. v. Jackson, 101 Ohio St., 75, 128 N. E., 61, 14 A. L. R., 131.
The guest statute (Section 4515.02, Revised Code), as pertinent here, provides:
‘ ‘ The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle.” (Emphasis added.)
The rider, as the party seeking to take himself outside the provisions of this statute, has the burden of establishing his nonguest status. In other words, the rider must show that he was being transported “with payment therefor” if he is to avoid the application of the statute. Hasbrook v. Wingate, 152 Ohio St., 50, 87 N. E. (2d), 87, 10 A. L. R. (2d), 1342.
*31 For purposes of simplification, we shall refer to motor vehicle riders who are transported “with payment therefor” as “passengers” and those riders who come within the purview of the statute as “guests.” This court in Dorn, Admr., v. Village of North Olmsted, 133 Ohio St., 375, 14 N. E. (2d), 11, defined the term, “guest,” as follows:
“* * * a guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company.”
Just what act or acts of benefit to the driver constitute a “payment” so as to remove the rider from the classification of guest has been the subject of voluminous litigation and innumerable judicial decisions. See 60 Corpus Juris Secundum, 1008, Section 399 (5). It is very generally agreed that guest statutes are to be strictly construed since they are in derogation of rights which exist at common law, and the party whose rights have been thus restricted is to have any benefit which may arise from a strict, albeit reasonable, construction. Vest, a Minor, v. Kramer, 158 Ohio St., 78, 107 N. E. (2d), 105; Dorn v. North Olmsted, supra; Hunter v. Baldwin, 268 Mich., 106, 255 N. W., 431.
Clearly, “payment” as used in the guest statute is not to be defined so narrowly as to include only the transfer of money or other property. Dorn v. North Olmsted, supra; Haas v. Bates, 150 Ore., 592, 47 P. (2d), 243. In arriving at a fair definition of the term, “payment,” it is well to keep the purpose of the statute constantly in mind. That purpose was simply but adequately stated in the Dorn case, supra, at page 381, to be:
“The statute was intended to prevent a person who was getting a free ride from suing his benefactor, unless there was willful or wanton misconduct.”
And as Hart, J., stated in Hasbrook v. Wingate, supra, at page 58, “what was intended originally as a gratuity, cannot subsequently be made the basis of an obligation.”
As a result, each case must turn upon a proper analysis *32 of the relationship which, existed between the driver and his rider. In arriving at a correct classification of such relationship, a vital question for determination is, “who was the benefactor in á material and business sense of this relationship?” Naturally, if the rider confers only the benefit of his company upon the driver, he is a guest within the meaning of the statute. Or if the only benefit accruing from the transportation is conferred upon the rider himself for his own business or pleasure, such rider is a guest within the meaning of the statute.
In order that a rider may properly be characterized as a “passenger,” he must confer a particular type of benefit upon the driver. Although such benefit need not take the form of payment in money or other property, the benefit derived must be material and tangible and must flow from, and depend on, the transportation provided.
In Duncan v. Hutchinson, 139 Ohio St., 185, 189, 39 N. E. (2d), 140, Judge Hart had this to say concerning the nature of the prerequisite benefit:
“* * * It is'sufficient if the passenger by his presence in the automobile or by service or assistance to the operator in making the trip, compensates the operator or owner in a material or business sense as distinguished from mere social benefit or nominál or incidental contribution to expenses.” (Emphasis added.)
In the Dorn case, supra, we held that a person, who accepts an invitation to ride in a motor vehicle for the sole purpose of accommodating the driver by pointing out to him the location of a certain house which the driver is seeking to find, is not a guest within the meaning of the guest statute.
We have affirmed a finding that a boy scout riding in an open trailer for the purpose of assisting his scoutmaster in the collection of wastepaper, as a fund-raising project for his scout troop, was not a guest in such vehicle as a matter of law. Vest v. Kramer, supra (158 Ohio St., 78).
Where a group of parents allegedly entered into a definite mutual agreement by the terms of which each parent was alternately obligated to use his automobile to transport the children of such parents from their homes to school, the children of the parents while riding in such automobiles were held *33 to be passengers and not guests. Lisner, a Minor, v. Faust, 168 Ohio St., 346, 155 N. E. (2d), 59.
Much confusion in the area of guest-statute application will be avoided if cases involving contracts to pay for transportation are carefully distinguished from those, such as the one at bar, which involve no such contracts.
The driver or owner of a motor vehicle may waive the protection of the guest statute either by accepting a material or business benefit from a rider, or by accepting the payment of expense money or other property, as payment for the furnishing of transportation. In the latter type situation, a contract, either express or implied, exists for the transportation. In the case of an express contract, the driver knowingly agrees upon a . “price” to “charge” his rider for such transportation, and that price is presumably one which the driver considers fair and adequate. However, in the case of an implied contract, the driver may not “knowingly” increase, his risk in such fashion for he may consider any payment his rider wishes to make toN him as a mere gesture of social courtesy or amenity. Therefore, in cases of implied contracts for transportation, this court has announced the rule that, in such cases, the guest statute applies unless the payment, for transportation, in money or other property, is substantially commensurate with the cost of such transportation to the driver. Duncan v. Hutchinson, supra, at page 140. The court’s reasoning in the formulation of such rule was as follows:
“Keeping in mind the purpose of the statute, it would seem that any expense money paid by a person for a ride in an automobile which is not substantially commensurate with the cost of such transportation will not take him out of the guest status fixed by the statute, unless payment for transportation as such was actually agreed upon. The justice of this rule is based on the fact that it would be unfair to hold the motorist to liability for injuries to his guest due to the hazards of transportation, unless the motorist is, in turn, compensated for such transportation in a manner substantially commensurate with the cost and the hazards of the undertaking.” (Emphasis added.)
To the same point, Judge Hart had this to say in his opinion in the Hasbrook case, supra, at page 56:
*34 “ Although a contract or arrangement for transportation of a passenger may be express or implied, no implied contract or obligation having the effect of increasing the liability of the motorist by reason of a ‘ passenger ’ status may come into operation by reason of the mere payment of a small sum unless such payment is made under such facts and circumstances as would raise an inference of the acquiescence of the motorist in the assumption of such increased liability. In other words, to create the status of ‘passenger’ when there is no express agreement for transportation with payment therefor, the surrounding circumstances must be such as to indicate to the motorist, as a reasonable person, that one enjoying transportation at his hands is riding as his ‘passenger’ rather than as his ‘guest.’ * * *” (Emphasis added.)
On the other hand, in cases of express contracts for transportation, the adequacy or inadequacy of the payment made by the rider is immaterial. Miller v. Fairley, 141 Ohio St., 327, 337, 48 N. E. (2d), 217.
Where a driver insists upon his rider paying expense money or giving other consideration, an express contract for transportation exists between rider and driver, and such contract is in the nature of a business arrangement; consequently, the rider has the status of passenger, rather than guest, regardless of the fact that the ultimate purpose of such transportation may be for pleasure. Miller v. Fairley, supra, at page 337. The reasonableness of this rule rests upon the fact that, as a party to an express contract to provide transportation, the driver has bargained and agreed to transport his rider as a “passenger.”
At least since 1938, in the Dorn case, supra, this court has recognized the principle that a contractual relation for transportation between driver and rider is not a necessary prerequisite to the classification of the rider as a, “passenger for payment. ’ ’ No consideration from the driver flowed to the rider in the Dorn case. There, the rider was not a hitchhiker; quite the contrary, he was riding in the motorist’s car solely for the driver’s benefit, to wit, to point out to the driver a house which the latter was seeking to find.
In this regard, the last clause of paragraph one; of the syllabus in the case of Birmelin, Admx., v. Gist, Admx., 162 Ohio *35 St., 98, 120 N. E. (2d), 711, deserves special notice. Such paragraph reads:
“Under the guest statute * * * one who is riding in a motor vehicle * * * is a guest and not a paying passenger, unless there is shown a contractual arrangement, express or implied, for payment of compensation to the owner or driver for the transportation furnished or he is rendering a benefit to the driver primarily for the attainment of some objective of the latter.” (Emphasis added.) This court has recognized the significance of such clause in Lisner v. Faust, supra, at page 349.
Paragraph four of the syllabus in the Hasbrook case, supra, standing alone seems to make a right in the motorist to recover in an action at law against his rider for the value of the transportation furnished the exclusive test for determining whether a passenger or guest status existed. However, such paragraph must be read in conjunction with paragraph three of the same syllabus. There, the principle is recognized that, where transportation is furnished in order to promote the mutual material interests of rider and driver or the material interests of the driver alone, a passenger status may attach to the rider. Also, paragraph four of the syllabus in Hasbrook, supra, must be read in light of the facts in that case. The court there was dealing with an implied contract for transportation. Again, it should be emphasized that the “right of recovery” test, as outlined in the paragraph in question, was never intended to be applied as a rider-status test except in cases dealing with contracts for transportation.
In summary, the status of a rider in a motor vehicle may properly be ascertained only by careful analysis of the relationship which exists between rider and driver and' a similar study of any benefits to the parties accruing as a result of such relationship. Of course such analysis must involve a case-by-case determination. However, a thorough study of the decisions of this court relating to the guest-passenger status problem arising under our statute enables us to compile certain principles referred to in those decisions.
Our decisions indicate that a rider is a guest within the purview of Section 4515.02, Revised Code, where one of the following relationships exists:
*36 (1) Where the transportation is furnished solely for the business or material interest or pleasure of the rider, or where the transportation is furnished solely as an act of social courtesy by the driver. Dorn v. Village of North Olmsted, supra (133 Ohio St., 375), paragraph four of the syllabus; Hasbrook v. Wingate, supra (152 Ohio St., 50), paragraph three of the syllabus; O’Rourke, Admx., v. Gunsley, 154 Ohio St., 375, 96 N. E. (2d), 1, paragraph two of the syllabus.
(2) Where the transportation is furnished solely for the social and pleasure purposes of both the rider and driver. Duncan v. Hutchinson, supra (139 Ohio St., 185).
(3) Where the rider pays expense money or gives other valuable consideration to the driver as an act of social courtesy and not as payment for transportation. Duncan v. Hutchinson, supra (139 Ohio St., 185), at page 191.
(4) Where expense money is paid or other valuable consideration is given by the rider as a result of an implied agreement to pay for transportation, and such money or other consideration is not substantially commensurate with the cost of such transportation to the driver. Hasbrook v. Wingate, supra (152 Ohio St., 50), paragraph two of the syllabus.
On the other hand, our decisions indicate that a rider is a passenger and not a guest within the purview of Section 4515.02, Revised Code, where one of the following relationships between driver and rider exists:
(1) Where the transportation is furnished for the sole business or material interests of the driver. Dorn v. Village of North Olmsted, supra (133 Ohio St., 375), paragraph one of the syllabus; Birmelin v. Gist, supra (162 Ohio St., 98), paragraph one of the syllabus; O’Rourke v. Gunsley, supra (154 Ohio St., 375), paragraph two of the syllabus.
(2) Where the transportation is furnished for the mutual business or material interests of both the rider and driver. Hasbrook v. Wingate, supra (152 Ohio St., 50), paragraph three of the syllabus; Duncan v. Hutchinson, supra (139 Ohio St., 185), at page 189.
(3) Where expense money is paid or other valuable consideration is given by the rider as a result of an implied agreement to pay for transportation, and such money or other con *37 sideration is substantially commensurate with the cost of such transportation to the driver. Hasbrook v. Wingate, supra (152 Ohio St., 50), paragraph two of the syllabus; Miller v. Fairley, supra (141 Ohio St., 327), at page 338.
(4) Where the driver insists upon his rider paying expense money or giving other property as consideration for transportation, an express contract for transportation exists in the nature of a business arrangement, and such rider is a passenger notwithstanding his payment for transportation may be inadequate or that the purpose of the transportation may have a social aspect. Hasbrook v. Wingate, supra (152 Ohio St., 50), at page 58; Miller v. Fairley, supra (141 Ohio St., 327), at pages 337 and 338.
In conclusion, the principles announced by this court make it clear that the driver or owner of a motor vehicle may waive the protection of the guest statute either by accepting a material or business benefit from his rider, or by accepting expense money or other property, as payment for furnishing such rider transportation.
In the application of such principles to the case at bar, can it be said as a matter of law that the head of a children’s division of a church was not benefitting her pastor in a business or material sense by riding in her pastor’s automobile, at his urging and invitation, in order to attend a church conference which dealt with matters of importance to the head of a children’s division of a church? Could reasonable minds not find that such transportation was in fact motivated by the hope and expectations of receiving such benefit? We are of the opinion that reasonable minds could so find, and it is our belief that reasonable minds might also find that such a rider was benefitting the pastor in his capacity as head of the church. A pastor is obviously vitally interested in improving his church and the adequacy of its functions; indeed, it is his business to strive for such improvements. If the attendance of church leaders and workers at an educational conference, such as the one involved herein, would benefit a church, reasonable minds could find that a pastor, as head of a church and the single person most responsible for the success of church activities, would also materially benefit from the attendance of such persons.
*38 We are of the opinion, therefore, that it was prejudicial error for the lower courts to hold, in effect, that reasonable minds could come to the single conclusion that the plaintiff’s decedent, Mary K. Gill, accepted the ride in Porterfield’s car solely for her own pleasure or business and conferred no return benefit upon the pastor except the mere pleasure of her company.

Judgment reversed.

Weygandt, C. J., Bell, Herbert and Peck, JJ., concur.
Zimmerman and Taft, JJ., dissent.