Gibson, J.,
concurring in part. I concur in reversing tbe judgments of tbe Court of Appeals and remanding tbe causes for further proceedings witb respect to tbe defendant, Roger Fiscbesser, but I do not agree that tbe rule of Tonti, Admr., v. Pagtia (1961), 171 Ohio St., 520, absolves Roger’s mother, tbe defendant, Thelma Fiscbesser, of liability.
With respect to tbe defendant, Thelma Fiscbesser, tbe question presented by this case is whether Section 4515.02, Revised Code, tbe so-called “automobile guest” statute, prevents tbe plaintiffs from employing tbe theory of negligent entrustment against her. Although I would have agreed witb tbe two dissenting judges in Tonti bad I been a member of this court at that time, I believe tbe decision of tbe majority in that case is not determinative here.
Granting Tonti bolds that tbe automobile guest statute protects an “owner” against bis own negligence when be entrusts bis automobile to an operator unskilled or otherwise incompetent to operate tbe same, tbe cases are clearly distinguishable. In Tonti tbe automobile driven by tbe defendant’s 17-year old son, who apparently bad an operator’s license for which the defendant bad signed, was “owned” by tbe defendant-parent. In this case tbe automobile driven by Roger, who did not have an operator’s license, was not “owned” by bis mother.
This court and tbe lower courts in tbe instant case have assumed, without examination, that Roger’s mother was tbe “person responsible for tbe operation of a motor vehicle” and that tbe doctrine of Tonti should be extended to such a case. Since there is no claim that she was tbe owner or tbe operator of tbe automobile, tbe question presented is whether she is a “person responsible for tbe operation of a motor vehicle” within tbe meaning of tbe statute.
How does one become a “person responsible for tbe operation of a motor vehicle” within tbe meaning of Section 4515.02, Revised Code? Since such person is not personally at fault, in my opinion be must be vicariously liable by operation of law. *328 In Ohio the rule that the doctrine of imputed negligence does not prevail has been applied frequently in automobile cases. See 6 Ohio Jurisprudence (2d), 585, Automobiles, Section 326, and cases cited therein. Nonetheless, a person without personal fault may be responsible for the results of the negligent operation of a motor vehicle by another. A person other than the operator may be liable for the operator’s negligence where there is a joint enterprise. See, e. g., Bloom v. Leach, Admr. (1929), 120 Ohio St., 239. By Section 4507.07, Revised Code, any negligence or even willful misconduct of a minor under 18 while driving a motor vehicle upon the highway is imputed to the person who signed the application for a junior probationary or restricted operator’s license for such minor. It should be unnecessary to cite cases to demonstrate that the doctrine of respondeat superior may place responsibility for the negligent operation of a motor vehicle by a servant or agent upon his master or his principal.
There is no evidence in this case indicating that the defendants were engaged in a joint enterprise. Even if it were argued that, in driving the automobile from the street in front of the family residence into the yard for the purpose of washing and waxing it, Roger was acting as the servant of his mother, it could not be found validly that he was acting in the scope of his employment at the time of the accident when he was off on a frolic of his own. Since Roger had no operator’s license his negligence could not be imputed to his mother under Section 4507.07, Revised Code.
The only other basis for finding Mrs. Fischesser to be the “person responsible for the operation” of the vehicle is to say that the decision of this court in Tonti should be further extended to exonerate one who was not the owner and who was personally negligent in entrusting the automobile to an operator unskilled or otherwise incompetent to operate the same. To so hold is a far cry from the rule that the statute being in derogation of the common law is to be strictly albeit reasonably construed. Clinger v. Duncan (1957), 166 Ohio St., 216; Miller v. Fairley (1943), 141 Ohio St., 327; 60 Corpus Juris Secundum, 996, Motor Vehicles, Section 399 (3). Even if this court is unwilling to overrule the Tonti decision, which in my opinion *329 should he done, there is no reason to expand the judicial rule laid down in that case.
In my opinion, a reasonable assumption is that the General Assembly intended by Section 4515.02, Revised Code, to protect the “owner” and the “person responsible for the operation of a motor vehicle” from claims of gratuitous passengers arising out of the negligent operation of the automobile only where their liability would be vicarious. This is not so under the doctrine of negligent entrnstment. In such case, the one who entrusts his automobile to an unskilled or incompetent operator is guilty of negligence himself by such act. See 6 Ohio Jurisprudence (2d), 496, Automobiles, Section 259, and cases cited therein.
As a practical matter if a recovery is had against the defendant, Roger Fischesser, upon remand the plaintiffs may be compensated for their losses. Cases may very well arise, however, where the operator clearly is not guilty of willful or wanton misconduct and in such cases the injured passenger will be barred from recovery from a person not the owner who is personally negligent in entrusting the automobile to an unskilled or incompetent operator solely by virtue of the decision of this court in this case. To prohibit recovery from such a person, in my opinion, is to construe the automobile guest statute with unwarranted liberality and thereby to take away the rights of an injured plaintiff-passenger.