## THE ATTORNEYS SERVICE CO. v. MONK.

*Husband and wife—Liability for necessaries furnished wife—
    Goods purchased by and charged to wife.*

A husband is not liable for necessaries furnished his wife if
    the merchant furnishing them charged them to the wife
    and was unaware that she had a husband.

(Decided March 23, 1925.)

ERROR: Court of Appeals for Scioto county.

*Messrs. McLaughlin & Staker,* for plaintiff in
error.
*Mr. Luther Thompson,* for defendant in error.

MAUCK, P. J.   The Attorneys Service Company,
as assignee, brought its action in the Municipal
Court of Portsmouth seeking judgment against the
defendant on an account for merchandise sold to
the defendant's wife.   The merchant was not aware
at the time the goods were sold that the purchaser
was a married woman, and had charged the ac-
count on his books to her under her maiden name,
which she gave to him as her real name.   The fact
was that she and her husband were living apart
and that she was at that time receiving from him a
small weekly allowance, but it does not appear that
this was alimony in the sense that it had been fixed
by judicial decree.   The Municipal Court found
for the defendant, and this judgment was affirmed
by the Common Pleas.

Some support is found for the doctrine that the

Husband and Wife, 30 C. J. §§ 115, 140.

marriage relation, of itself, creates an unconditional liability on the part of the husband for the wife's necessaries, the latest and most interesting authority on this point perhaps being *Fisher v. Drew*, 247 Mass., 178, 141 N. E., 875, 30 A. L. R., 798. *Edminston* v. *Smith*, 13 Idaho, 645, 92 Pac., 842, is to like effect. In *McKee* v. *Popular Dry Goods Co.*, 240 S. W., 567, the Texas Court of Civil Appeals, in a case very much like that at bar, holds the husband liable, but a later case in the same state adopts the contrary view. *Colonna* v. *Kruger*, 246 S. W., 707. The great weight of authority, however, is that under the circumstances named, and even under circumstances much more favorable to the creditor, no liability arises against the husband. The authorities are collected and discussed in a note to *Brown* v. *Durepo*, 27 A. L. R., 554, and to a lesser extent in 98 Am. St. Rep., 639, and in the main they support the propositions of law laid down in 13 Ruling Case Law, 1200, Section 233, to the following effect:

"Though there are decisions to the contrary, the better view seems to be that in order to render a husband liable for necessaries furnished his wife they must have been furnished on his credit."

There are other questions in this case that would render the reversal of the judgment impossible. The liability of the husband does not by law extend to all purchases of the wife indiscriminately. To prove a case against him for purchases not expressly authorized it must be shown that the goods bought were necessaries, that is, reasonably necessary for people of their means. Some other difficulties arise in the instant case, but we are content

to follow the current of authority and hold the husband not liable for debts contracted upon the sole responsibility of his wife.

*Judgment affirmed.*

SAYRE and MIDDLETON, JJ., concur.