CLEVELAND RAILWAY CO. v. KUNCIC

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7629. Decided June 13, 1927.

**920. PHYSICIANS AND SURGEONS—Where wife, being injured, sends for physician, and physician comes, she is acting as agent for her husband and he will be liable for physician's bill. (Toledo v. Duffy, 13 C. C. 482 followed).**

**2. Husband is liable for medical services rendered his wife, where there is no special contract to the contrary.**

**615. HUSBAND AND WIFE—Husband is not excused by 7999 GC., 7996 GC. nor 8000 GC. from his liability for necessaries furnished to his wife.**

**618. IMPLIED CONTRACT—Implied contract must depend upon substance for its existence. It cannot arise from conjecture ·or possibility, but must rest upon substantive foundation. There must be some act or conduct of the· party sought to· be bound.**

**753. MEASURE OF DAMAGES—In suit for damages by married woman, expenses for medical attention are not to be considered by jury in awarding damages unless, by special contract, husband is released.**

**1020. REMITTITUR—Where item is erroneously included in damages, error is not cured by remittitur, when amount cannot be determined from record.**

**829. NEGLIGENCE—Violation of statutes regulating operation of motor vehicles is negligence per se.**

Error to Common Pleas.

Judgment Reversed.

First Publication of this Opinion

SULLIVAN, PJ.

There have been two trials of this case. In the first there was a verdict for the defendant, but the judgment was set aside on the grounds that it was against the weight of the evidence and in the second a verdict was rendered for plaintiff. It is to reverse this judgment that proceedings in error are brought.

While crossing what is known as the Collinwood bridge, over the tracks of the New York Central Railroad, the automobile, driven by Mrs. Kuncic's husband and in which Mrs. Kuncic was riding, veered from the right side of the road to the left side of the road because the bridge became partially involved in steam and smoke arising from underneath. Immediately a head light of one of the cars of the railway company revealed the danger of the position of the automobile, whereupon it undertook to veer to the right, apparently to get back to its proper place upon the highway. Thereupon a collision occured between the street car and the automobile, resulting in injuries to Mrs. Kuncic.

One of the assignments of error is that medical expenses, based upon substantial professional services, was considered, by the court below, an issue in the case and made the subject of instructions to the jury. There is no evidence that the wife had entered into either an express or an implied contract with · the physicians and surgeons for their services. An implied contract must depend upon substance for its existence. There must be some act or conduct of the party, sought to be bound, from which an implied contract arises. The implication arises only from something which the party sought to be bound says or does. In the instant case, these requirements are not met by the proof, because there is no act or conduct on the part of the wife that

touches upon the obligation for service excepting that she accepted the same. Under such circumstances, it is our judgment that, inasmuch as these services are necessities, the husband is bound for their payment. He is not excused from liability by 7999 GC. nor is he excused by 7996 GC. nor by 8000 GC.

In Toledo v. Duffy, 13 C. C. 482, it is held that a husband is liable for medical services rendered his wife, where there is no special contract to the contrary, and it is further held that in a suit for damages by a married woman, expenses for medical attention are not to be considered by the jury in awarding damages unless, by special contract, the husband is released. On page 484 of the opinion we find the following:

"If the wife, being injured as was the plaintiff below in this case, sends, as she might, for a physician, and the physician comes, she is acting in that case as the agent of her husband, and he will be liable for the physician's bill, in the absence of a special contract between her and the physician whereby she herself becomes liable to pay him."

In Tuttle v. Furi, 22 C. C. N. S. 388 it is held that where such an item is included in damages, the error is not cured by remittitur, because, as in the instant case, there is nothing in the record to determine the amount.

The court, in describing 6310-17 GC. used the following language:

"The violation of this section of the statute without excuse therefor is in law prima facie evidence of negligence on the part of the driver of the automobile."

Concededly the court was in error here, because the doctrine is settled in Schell v. DuBois, 94 OS. 93, that the violation of a statute is negligence per se, and not prima facie negligence.

Judgment reversed.

(Vickery and Levine, JJ., concur).

Attorneys—Squire, Sanders & Dempsey for Railway Co.; Nicola & Horn for Kuncic; all of Cleveland.