### SMITH-KASSON COMPANY v DIRR

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 23, 1931

Harmon, Colston, Goldsmith & Hoadley and J. L. Kohl, Cincinnati, for plaintiff in error.

Kunkel & Kunkel, Cincinnati, for defendant in error.

ROSS, PJ.

It is contended that there was no evidence of negligence on the part of the plaintiff in error, and that the motions for an instructed verdict should have been granted, and that the verdict and judgment are against the weight of the evidence.

The record shows that only a short time elapsed from the discovery of the defect until it was repaired, and that the injury to the defendant in error occurred in the interim.

The question of whether or not the defendant in error, through its employes, used the care which a reasonably prudent person would use under similar circumstances is a question for the jury, and their conclusion will not be disturbed unless it is so manifestly contrary to the conclusion which all reasonable persons would agree was correct, that it would shock the conscience of the court.

Specifically it is contended that the plaintiff in error was not negligent, because the hole was repaired in a reasonable time after discovery, and therefore, reasonable care was exercised.

A dangerous condition permitted to exist for a very short time may become a nuisance and a constant menace to the safety of those exposed to it. On the other hand, owing to the infrequency and rareness of contact with such a condition, the same situation might not require immediate steps to prevent injury. The time of the day or

night might be important factors in determining the promptness necessary to constitute reasonable care.

In the present case the evidence shows that every moment, owing to the holiday season, the noon-day period and the congested character of this portion of the shopping district, many persons were passing and repassing over this spot. The small size of many women's heels is well known. The use of crutches is not extremely unusual. A doorman was employed by plaintiff in error, who was stationed very close to the place where the injuries were incurred. He saw the defect, experimented with the plug, and then threw it away. Under the circumstances the possibility of imminent injury to pedestrians by reason of the opening, the possibiliy of some person catching a heel or crutch in the hole, were matters for the consideration of the jury, as is the question, whether throwing the plug away and notifying other employes was a sufficient exercise of care.

It is perfectly obvious that other measures could have been adopted by the employes of the plaintiff in error, which would have prevented the accident. Whether the failure to use such measures was negligence, and lack of proper care, can be nothing but a question for the jury.

We find nothing in the verdict to cause us to disagree with it, and the judgment of the court of Common Pleas of Hamilton county is affirmed.

HAMILTON and CUSHING, JJ, concur