**BUCHANAN et v BATTSON, Admrx**

Ohio Appeals, 2nd Dist, Miami Co

No 286. Decided Dec 19, 1932

A. W. DeWeese, Piqua, for plaintiffs in error.

Faust & Faust, Troy, for defendant in error.

KUNKLE, J.

We have considered the briefs of counsel and have also read the record containing the evidence. We shall not attempt to discuss the evidence in detail, but merely announce the conclusion at which we have arrived after a consideration of the record and the briefs of counsel.

This record in brief, however, shows that the plaintiffs in error at the time in question were a partnership engaged in the business of selling new and used automobiles; that Harry Lee was an employee of plaintiffs in error doing general work around their place of business such as cleaning up, etc., and had on different occasions with the authority of plaintiffs in error taken out automobiles for the purpose of demonstrating such cars to people of his own race and as a result of such demonstrations had made some sales. It also appears that on the night of the accident he took out the car in question with the permission of one of the said partners for the purpose of making a demonstration, and if possible a sale to a man on the Giles farm.

There is testimony showing that the said Lee was in possession of the automobile in question with the authority of plaintiffs in error and therefore the case does not fall within some of the decisions cited by counsel for plaintiffs in error in their brief. There is evidence showing that the death of Mrs. Battson was due to the negligence and carelessness of the said Lee in the driving of said car.

Counsel for plaintiffs in error complain of the refusal of the trial court to strike out a certain averment in the petition relating to the physical condition of Jonathan Battson, the husband of the deceased. We find no prejudicial error in this ruling.

Serious objection is made to the testimony of Fred Heckerman found on pages 7, etc., of the record. The testimony complained of consists of certain statements made by the said Lee shortly after the accident. When the automobile in charge of Lee struck and instantly killed Mrs. Battson the automobile was not stopped but Lee states that he drove around the square

knowing that the car had hit some object but that he did not know what it was and therefore drove around the square and returned to discover what had been hit. He claims this was his first information that he had struck Mrs. Battson. He returned within about ten minutes and upon his return made various statements which were testified to by different witnesses. The witness, Heckerman, says that Lee among other things made the following statements:

"I says, 'What did you mean by driving as fast as you were?' he said, 'Why, what do you mean?' He says, 'I wasn't driving; the other fellow was driving,' he says. I says, 'Where is he?' he says, 'He got out and ran.' I says, 'Whose machine is this?' He said it was Buchanan's, that Mr. Buchanan told him to take this machine to demonstrate it to this fellow."

This question was asked and answered without objection by plaintiffs in error. On page 12 of the record, however, counsel for plaintiffs in error made a motion that the conversation with the witness Lee be taken from the jury for the reason that it is not binding on the defendants in this case.

"Court: I think it is part of the res gestae. The motion is overruled."
"Exceptions by defendants."

Whether the statements of the witness Heckerman did or did not constitute part of the res gestae presents an interesting question.

In the **90 Oh St at page 10,** the third paragraph of the syllabus is as follows:

"The doctrine of res gestae, as applied to exclamations, should have its limits determined, not by the strict meaning of the word 'contemporaneous,' but rather by the causal, logical or phychological relation of such exclamation with the primary facts in controversy."

It appears from the testimony that when Lee returned he for the first time discovered that the automobile in his charge had killed Mrs. Battson and it is claimed he there made the statements in question. Under the rule above announced and also the reasoning of our Supreme Court in the case reported in the **120 Oh St, 532,** we think the exclamations or statements of Lee might possibly constitute part of res gestae.

We, however, do not find it necessary to pass upon this question as the same testi-

mony offered by Heckerman was in effect introduced without objection by other witnesses, namely, on page 17 the witness Harvey McMaken testified as follows: "Tell the jury what statements (meaning Lee) he made. A. He said—Mr. Heckerman asked him 'What were you doing' and he said, 'I was demonstrating the car.' Mr. Heckerman says 'To whom were you demonstrating it, where is the fellow you were demonstrating it to?' he says 'He got out and ran'."

On page 33 the witness, Shane, testified in part to the same effect. On page 36 the witness, Osborne, covers substantially the same ground as was testified to by the witness Heckerman.

On page 39 the witness, Harry McMaken, testified that Lee said he was demonstrating the car to this fellow.

In view of the testimony of the witnesses above enumerated and which testimony was received without objection by plaintiff in error, we find it unnecessary to further discuss or consider the question as to whether the testimony of the witness, Heckerman, did or did not constitute part of the res gestae.

Objection is made to the testimony relating to the funeral expenses. We think this testimony was competent and that the funeral expenses constituted a proper charge. The record on pages 44 and 45 shows that the funeral expenses constituted more than one-half of the award made by the jury.

It appears from the record that prior to the trial of this case the husband of the deceased died. He was living, however, at the time of the death of Mary Battson, at the time of bringing this suit, and for some time thereafter. The nature of the services performed by Mary Battson during her lifetime and the loss resulting from her death to the interested parties is set forth in detail on pages 42, 43 and elsewhere of the record. It will not be necessary to repeat the same here. We think such services clearly justified the jury in making the award that it did for those entitled to such services.

The charge of the court, in our opinion, fully and fairly presented the case to the jury for its consideration.

We have considered all of the errors urged by counsel for plaintiffs in error in their brief, but finding no error in the record which we think would warrant a reviewing court in disturbing the judgment, the same will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.