THE THOMAS J. EMERY MEMORIAL *v.* GOLDSMITH.

(Decided December 10, 1934.)

*Messrs. Taft, Stettinius & Hollister,* for plaintiff in error.

*Mr. Max Rafalo,* for defendant in error.

HAMILTON, P. J. Frieda F. Goldsmith, defendant in error here, brought an action against the plaintiff in error, The Thomas J. Emery Memorial, a corporation, defendant below, for personal injuries suffered in a fall in front of the premises of plaintiff in error on the north side of Fourth street in the city of Cincinnati.

The evidence given by the plaintiff in the trial court was to the effect that the corporation maintained an iron cellar door in front of its premises, next to its building line, for access to the basement of its property; that, while the cellar door was flush with the sidewalk on the east side of the door, there was a drop on the west side thereof of two or three inches, the evidence varying as to the amount of the drop; that the drop was caused by the concrete construction under the edge of the cellar door, and that this concrete construction had broken and cracked; that the plaintiff was a stranger in the city, and, with a friend, was walking along Fourth street, going from east to west; that she was required to go close to the building line on account of pedestrians on the street; and that she came to the edge of the cellar door, where she in some way caught her heel in the broken concrete, and fell, suffering injuries to her limb and back. The evidence tended to show that the drop-off in the cellar door had been in that condition for many years, and that it

probably was originally so constructed over twenty years ago.

The case was tried in the Municipal Court to a jury, which returned a verdict in favor of the plaintiff for $350, upon which judgment was entered. That judgment was on error affirmed by the Court of Common Pleas, and to reverse this judgment of affirmance and the judgment of the trial court is the object of the present petition in error.

The plaintiff in error claims that the trial court erred in overruling its motion for a directed verdict at the close of all the evidence, and claims error in the exclusion by the trial court of certain evidence offered by plaintiff in error.

Under the law applicable to the facts, as briefly related, Frieda F. Goldsmith was entitled to recover. For a discussion of the law applicable, see *Smith-Kasson Co.* v. *Dirr,* 41 Ohio App., 385, 180 N. E., 197.

The evidence of the defendant, excluded by the trial court, is the answer to the following question:

"Q. During that period (referring to the period during which the witness Hogan had been connected with the Emery interests) were there any accidents?"

It is unnecessary to discuss the law applicable to such a question, for the reason that when the court excluded the evidence offered the defendant made no tender as to what the witness would testify to. Whether the answer would have been favorable or unfavorable, we cannot tell in the absence of a proffer. Defendant's counsel asked the question a second time of the same witness, which evidence the court excluded, and no exception was taken. Error cannot be predicated on the ruling made in the premises.

We find no prejudicial error in the record, and the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is affirmed.

*Judgment affirmed.*

CUSHING and ROSS, JJ., concur.