ZASO, APPELLEE, *v.* DE COLA, APPELLANT.

(No. 423—Decided February 8, 1943.)

*Messrs. Davies & Eshner,* for appellee.
*Mr. E. A. Binyon* and *Messrs. Tuttle & Hubbard,* for appellant.

PHILLIPS, P. J. This appeal by defendant brings to this court for review a judgment of the Court of Common Pleas of Lake county entered upon a jury verdict for the plaintiff in an action to recover damages for personal injuries.

Plaintiff, defendant's sister, alleged in her petition that "after the plaintiff had opened the right rear door of said [defendant's] automobile" "to enter the back seat" thereof to be driven at defendant's invitation to her home, "and while the plaintiff had one foot upon the running board, but before she had entered into said automobile," defendant, "with utter disregard for the safety and welfare of the plaintiff, suddenly started said automobile, well knowing that the plaintiff had not yet entered into said automobile or been seated therein, causing the plaintiff to be violently thrown to the ground;" that as the "direct, immediate and proximate result" of "the acts of negligence, wilful and wanton misconduct of the defendant toward her" she suffered personal injuries; and that she had incurred an indebtedness in the sum of $63, and would have to expend an additional sum of $200 in the future to alleviate her pain and suffering and cure her injuries.

Defendant answered, admitting the relationship of the parties, the ownership of the car involved, generally denied each and every other fact stated, averment made and allegation set forth in plaintiff's petition, and averred that plaintiff "was a guest passenger" in his car at the time "the alleged accident occurred."

Plaintiff replied denying that she was "a passenger" in defendant's car, at the "time and place set forth in" her petition.

Substantially the factual situation is as follows: Defendant brought plaintiff to his home for the purpose of effecting a reconciliation between him and his estranged wife, "to kind of make peace terms between" them. Failing, over plaintiff's protest he insisted upon driving her home, and on the day of her injury started the engine of his car, which was parked in the driveway of his home, and behind the wheel of which he was seated waiting for her.

In describing what happened plaintiff through an interpreter said that defendant called to her "hurry up let's get out of here"; that "she had her pocketbook in her right hand, and trying to get into the car, and she wanted to put her hand on the seat of the car, and her brother started and the minute she got into the car he started the machine"; that the door of the car pushed her down and in response to the question "were you in the automobile" she said no; that "when she got in the car she fell down"; and that "she called her own doctor and he was not in and then she called another doctor and &ast; &ast; &ast; the other doctor wasn't in either and &ast; &ast; &ast; the next day then she called Doctor Gullo," her family physician.

Defendant said he saw plaintiff approach the car, and "shove her head through the door. I got a v-shape mirror in the car and I look in that and I see her coming in the car and as far as I can tell she is in the car." "I thought she was in the car and started the car, &ast; &ast; &ast; because I wanted to get away before anything happened." "I could see her head in." "I thought she was in." "I can't tell exactly I was mad." He further stated that the right rear door of his car was unlatched, and when he started his car it opened, "this car move quick, was awful powerful automobile, 280 horsepower," that it "struck a tree and was torn off its hinges"; and that he stopped within about ten feet.

The undisputed evidence is that plaintiff paid and intended to pay, and defendant received and intended to collect, nothing for her transportation which he insisted upon furnishing.

Over defendant's objection the trial judge permitted plaintiff to introduce testimony of expenses incurred and probably to be incurred as the result of the injuries she sustained.

Plaintiff takes the position that she was not defendant's "guest passenger" within the meaning of

Section 6308-6, General Code, when injured, and therefore could recover for his "proven" acts of negligence toward her; but that if as a matter of law her status were such, then she was entitled to recover for his alleged and "proven" wanton misconduct toward her; that not knowing which she could prove to sustain her cause of action she could plead and, in the absence of a motion or demurrer directed against her petition, was entitled to a charge on both negligence and wanton misconduct in the giving of both of which the trial judge committed no error prejudicial to defendant.

Defendant contends that the trial judge erred in the admission of evidence; in failing to direct a verdict in his favor at the close of plaintiff's case, and at the conclusion of all the evidence; in his general charge and in his instructions to the jury during its consideration of the case; that the verdict of the jury is not sustained by sufficient or any evidence on either issue, and is contrary to law; and that other errors occurred during the trial of the case to which he excepted.

As to the question whether plaintiff could recover for the expenses resulting from her injuries it is concluded that a remittitur in the sum of $263, the alleged amount, which is less than the proven amount thereof, should be and hereby is ordered contingent upon acceptance thereof by plaintiff.

See *Mount Adams & Eden Park Ry. Co.* v. *Wysong,* 6 C. D., 28, 8 C. C., 211; *City of Toledo* v. *Duffy,* 7 C. D., 113, 13 C. C., 482, and *Cleveland Ry. Co.* v. *Kuncic,* 26 Ohio App., 275 at 279, 159 N. E., 96.

We have carefully reviewed the evidence submitted to us and it is our opinion that plaintiff was "not a guest within the purview of Section 6308-6, General Code," but was "an invitee for the benefit of defend-

ant, and the benefit was tangible''; that defendant's "invitation was tendered" to plaintiff because he wanted "to get away before anything happened," and to discharge the obligation which he owed her to take her home from a trip which she had made, "not primarily to accept a ride," "not for her own pleasure," "but for the benefit of the defendant," "to do a favor for defendant," "to kind of make peace between him and his wife" and "was wholly incidental to the main purpose" of effecting such reconciliation; and that "in such situation the law of negligence applicable before the enactment of Section 6308-6, General Code, known as the Guest Statute, still governs, and "defendant was required to exercise ordinary care for the safety of" plaintiff. See *Dorn, Admr.,* v. *Village of North Olmsted,* 133 Ohio St., 375, 14 N. E. (2d), 11.

"The Guest Statute is in derogation of the common law and, therefore, must be strictly construed. * * * The statute was intended to prevent a person who was getting a free ride from suing his benefactor, unless there was wilful or wanton misconduct."

In the instant case, clearly, defendant, not plaintiff, received the benefit from such trip.

We have read and reread, studied and carefully analyzed the general charge of the trial judge and his additional instructions to the jury during its deliberation upon the case, and while we are unanimously of opinion that it cannot be recommended as a model of clarity, yet Judges Carter and Phillips take the view, considering the general charge in its entirety and interpreting the remarks of the foreman made at the conclusion of the special instructions of the trial judge "that is the point we wanted" and other remarks not necessary to state, as meaning that the questions of the jury had been answered satisfactorily so that it understood the function it was to perform, that if the

jury found plaintiff was defendant's guest, under the statute, then, in order to return a verdict for the plaintiff against him, it must find defendant guilty of wilful or wanton misconduct, but if it found that plaintiff was not defendant's guest then defendant owed to plaintiff "the duty of exercising ordinary care in the operation of such motor vehicle."

Assuming we are in error in holding that the relationship of invitee existed still the court was correct in charging on the issue of defendant's negligence or wanton misconduct as the evidence was sufficient to sustain the verdict on either issue.

Accordingly it is believed that the trial judge did not err, as urged, in overruling defendant's motions for a directed verdict.

Since the application of the two issue rule has not been urged by either party, and while defendant contends that there are, but has not called our attention to, other errors "occurring during the trial" we deem it unnecessary to pass upon them.

It follows from what we have said that the judgment of the trial court is affirmed, contingent upon acceptance by the plaintiff of a remittitur in the amount herein set forth, otherwise the cause is remanded to the trial court for further proceedings.

*Judgment accordingly.*

CARTER, J., concurs.
NICHOLS, J., concurs in the judgment.