**HEYM, Plaintiff-Appellant, v. JUHASZ, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19183.   Decided June 1, 1943.

Malvern E. Schultz, Cleveland, for plaintiff-appellant.
A. F. Gaughan, Cleveland, for defendant-appellee.

**OPINION**

By SKEEL, J.

The plaintiff filled his petition in the Municipal Court of the City of Cleveland seeking to recover $600.00 for medical services which he claims to have furnished the defendant's wife at his (the defendant's) "request." The defendant by answer pleaded the statute of limitations as to a part of the claim. He also pleaded what is designated as an election on the part of the plaintiff to look to the estate of the defendant's wife, by having filed a claim therefor with the administrator of her estate and likewise having brought action against such administrator and recovered a judgment thereon. The answer also pleads payment.

By reply the questions of the statute of limitations and payment are put in issue by specific denials. The reply then denies "that the plaintiff is barred from proceeding against the defendant * * * by reason of having recovered a judgment in the municipal court of Cleveland against the estate of Ollie Lukacsco Juhasz (defendant's deceased wife's estate) for the cause of action set forth in this ·case or for any other reason whatsoever."

The defendant then filed a motion for judgment on the pleadings, claiming that the plaintiff having by his reply admitted prosecution to judgment against the estate of defendant's deceased wife, the same claim that he now seeks to enforce against the·defendant, constitutes an election to look to the estate and not to the defendant for payment. The court granted the motion and entered judgment for the defendant.

We have, therefore, but one question before us and that

is whether or not the plaintiff by seeking to recover his claim from the estate of the deceased wife of the defendant, will preclude him where such claim is yet unsatisfied, from bringing an action against the husband for such services rendered to the wife during her lifetime, where his pleadings allege that the services were rendered at the husband's instance and request.

The question as thus stated is not concerned with a case where the wife contracts with the doctor for the services rendered to her and the doctor relies only on her credit. Such a contract would clearly indicate that credit was extended to the wife and not to the husband. No action could be brought against the husband under these circumstances.

There are three circumstances under which a husband may become liable for necessary medical expenses of his wife.

1.  By contract between the husband and the doctor;

2.  Where by course of conduct, or by express authority, the wife is authorized to act as the agent of the husband and to pledge his credit for medical services rendered to the wife.

3.  Where the husband fails to perform his legal duty in furnishing necessary medical services he can, by law, be held for the reasonable value of the necessary services rendered, even though he had directly refused to be responsible therefor.

The fact that by reason of §10509-121 GC, the estate of a deceased wife is liable for the expenses of her last sickness, does not in any way modify the husband's obligation with regard to medical services furnished his wife, if he would be otherwise liable under any of the three legal theories herein referred to.

We come then to consider whether or not, under the pleadings in this case, the bringing of the action against the estate of the deceased wife of the defendant, and taking judgment thereon for necessary medical services in any way constitutes a bar where such judgment has not been satisfied, to an action against the husband for the same claim where the allegations of the petition are that the medical services were rendered at the "defendant's request." We think not. The rights of the plaintiff to enforce his contract against the defendant is not in any way affected by the fact that under the law a cause of action is afforded him against another for the same claim. Until the debt is satisfied the rights of the plaintiff are cumulative and the attempt to enforce one cause of action is not done to the exclusion of the other.

At no place in the pleadings in this case is it suggested

574

that the services of the plaintiff were rendered to the deceased at her exclusive instance and requst and that it was understood between the parties that her credit alone was pledged for the payment of the bill. If this in fact were so, then the defendant could not be held. But here, the plaintiff's petition alleges that the services were rendered to the wife of the defendant "at his request."

This claim is denied by the defendant. This, therefore, presents an issue of fact that must be tried.

The judgment of the Municipal Court of Cleveland is therefore reversed and the cause remanded for further proceedings according to law.

MORGAN, P. J., concurs. LIEGHLEY, J., dissents.