**SAMS, Plaintiff-Appellant, v. ALBERS SUPER MARKETS, INC., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7085. Decided May 31, 1949.

Waite, Schindel & Bayless, Philip J. Schneider, Cincinnati, for plaintiff-appellant.

John M. McCaslin, Robert Adair Black, Richard H. Pennington, Cincinnati, for defendant-appellee.

**OPINION**

By ROSS, PJ.:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County entered in conformity to a verdict instructed for defendant, at the conclusion of all the evidence.

Certain facts are apparent from the record. The plaintiff was a customer of the defendant which operated a grocery store in which the customers served themselves. In process of acquiring certain articles which she desired to purchase, she proceeded down one of the aisles containing various types of saleable merchandise. She slipped and fell when her foot came in contact with a quantity of syrup spilled out of a broken glass bottle. Pieces of glass still remained in deposit of syrup on the floor. It is in evidence that an employe of the store had made some effort to clean up the syrup and had placed boxes about the area after so doing, and that no one was stationed nearby to warn customers of any danger existing in the area.

The clerk testified:

" What was the first thing that you had to do with anything in connection with that accident on that morning, Fred-

"A. Well, I saw the liquid had broken—

"Q. Keep your voice up and talk as loud as you can.

"A. I saw the bottle of liquid had been broken and I immediately picked up as much of the glass as I could with two pieces of cardboard and a broom and I put the pieces of glass and as much of the liquid as I could pick up and I put these large toilet tissue boxes around the area and I took the pieces of glass and the liquid that I had on the cardboard to the back room where I picked up a mop and rinsed it out with hot water several times and went back on the floor and saw

the boxes had been moved and sort of pushed aside and Mr. Schmitt and the lady were standing there and I continued picking up the, mopping up the liquid that had been broken on the floor.

· * * ·

"Q. Now about how long a period was it from the time you put these toilet tissue cases around the spot and left to go to the store room and the time that you got back with your mop? How long a period was it, would you say?

"A. Oh, two or three minutes."

Now it is apparent that the defendant had notice of the existence of the syrup on the floor, by reason of the knowledge of its employe of such fact.

It is also apparent that the defendant through its employe took certain measures to remove the syrup, which, obviously, judging by the result, was a menace to the safety of customers. It appears also that the defendant, through its employe, left a portion of the syrup and glass on the floor and went elsewhere, and that some precaution was taken to guard the area. This is giving the defendant, rather than the plaintiff, the most favorable construction of the evidence.

It cannot be claimed, nor is it contended that the presence of the syrup on the floor was not the proximate cause of plaintiff's injuries. The contrary is true. The evidence is not in conflict upon this question. The plaintiff fell when she slipped on the syrup. There is no evidence indicating she was guilty of contributory negligence. So that the question presented is:—Did the defendant, through its employes, use reasonable care to remove the cause of the injury to plaintiff, after becoming aware of its existence? This involves a consideration of two phases of the situation:—(1) the measures used to remove the syrup (2) the care taken to guard the area. Stating it another way, it was a question whether or not the defendant, through its employes, used the care which a reasonably prudent person would use under the same or similar circumstances to prevent injury to the plaintiff. Certainly, this would be a question for the jury's determination. The trial court considered that only a question of law was involved, and inferentially held by its decision that the care exercised by the defendant through its employes was adequate. In this, the trial court usurped the function of the jury, who were well qualified to judge what, under the circumstances, was reasonable care. The average person serving on a jury would be well acquainted with the perils inci-

dent to walking about a grocery store and fully able to judge what would be reasonable care in avoiding harm to customers.

It is to be remembered that the function of the jury is not confined to the decision of factual conflicts, but also includes the duty to reach a determination between conflicting inferences from the evidence, even though the facts are not in conflict. See: **39 O. Jur., p. 807, "Trial" Section 186. Keesecker v. McKelvey Co., 141 Oh St, 162.**

This case is not one of those where the question involves constructive notice to the operator of the store, or his employes through lapse of time after the menacing condition is created. As the defendant states in its brief: "The fact is that the boy Fred Schmidt knew of the spot before Mrs. Sams fell, so that it makes no difference as to what the store manager is alleged to have said." This brings up the contention of the appellee that certain statements of the clerk and store manager are hearsay and should have been excluded from the evidence. In this contention, the defendant is correct. The statements were narrative in character, relating to a situation existing some time before the plaintiff's fall. Their admission is justified on no exception to the rule against the admission of hearsay evidence.

No comment has been made as to the Ohio cases cited, because they do not involve the problem here presented.

A case somewhat similar in principle is that of **Smith-Kasson Co. v. Dirr, 41 Oh Ap, 385.** In that case, as here, the question was, did the defendant, through its employes use reasonable care to avoid injury to the plaintiff. This is a jury question, and the court committed error, prejudicial to the plaintiff in instructing a verdict for the defendant. The judgment should be reversed and the case remanded for a new trial.

Judgment reversed, and case remanded.

ROSS, PJ, & HILDEBRANT, J, concur in syllabus, opinion & judgment.

MATTHEWS, J, concurs in separate memorandum.

MATTHEWS, J.: (Concurring)

While I concur in the judgment of reversal, I do not want to leave the impression that even if the uncontradicted evidence disclosed the placing of an adequate barrier around the danger spot, still the plaintiff would be entitled to have the issue submitted to the trier of the facts.

When the trial court instructs a verdict for the defendant, the proper approach of a reviewing court is to inspect the record to determine whether there is substantial evidence to support all the elements of the plaintiff's cause of action. And in determining that question, every reasonable inference in favor of the plaintiff must be drawn. If, when so interpreted, there is no substantial evidence to support one or more of the elements of the plaintiff's cause of action, the judgment should be affirmed. If there is substantial evidence to support all the elements, the judgment should be reversed.

In the case at bar, the plaintiff's testimony supports all the elements of her case and particularly negligence in failing to guard the dangerous condition in the aisle. She was asked:

"Q. How about the areaway for walking?

"A. It was definitely not blocked off.

"Q. I want you to estimate if you can the width of the unobstructed walk-way.

"A. Oh, about a yard, about three feet—I would say, approximately. I cannot just say to the number of inches."

In other parts of her testimony are statements that the aisle where this syrup had been spilled was not obstructed. Her son who was with her at the time corroborates her testimony as to the inadequacy of the guard or obstruction.

This testimony, it seems to me, makes it clear that the issue must be submitted to the jury, and, for that reason, I concur in the reversal.

### SUPPLEMENTAL OPINION

No. 7085. Decided June 20, 1949.

By ROSS, PJ.:

Counsel for the defendants rely upon the statement of the upon his second assignment of error, to-wit: "The court erred in excluding testimony regarding expenses, when under the particular circumstances of this case the wife could recover therefor."

Ordinarily, the husband is primarily responsible for the household expenses and the necessary medical bills incurred by reason of his wife's injury or illness. **21 O. Jur., "Husband & Wife" sections 29, 38, pages 356, 365.** However, a wife living with her husband may assume primary liability for such expenses. **Heym v. Juhasz, 45 Abs, 571. 13 O. Jur., "Damages", section 42, p. 117.**

On retrial, the plaintiff should be permitted to prove if she can, a personal obligation to assume the debts created by her injury and illness, independent of her husband's primary liability for same.

It must appear, however, that special circumstances exclude application of the general rules hereinbefore noted.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.