BARCUS, ADMR., *v.* THE UNION HOSPITAL ASSOCIATION.

(No. 37434—Decided June 22, 1965.)

Common Pleas Court of Tuscarawas County.

*Messrs. Solsberry, Ahern & Butler,* for plaintiff.
*Messrs. Smith, Renner, Hanhart & Miller,* for defendant.

LAMNECK, J.  In this action, the plaintiff as administrator of the estate of Gladys Lucille Barcus, deceased, seeks to recover damages from the defendant for alleged injuries sustained by the deceased on May 13, 1964, terminating in her death on March 8, 1965, as the proximate result of the alleged negligence of the defendant.

The plaintiff sets forth two causes of action in his petition as follows:

1. For pecuniary injury to the surviving spouse and the children of the deceased resulting from the death of the deceased under the provision of Sections 2125.01 et seq., Revised Code.

2. For the alleged injuries sustained by the deceased and the attendant pain and suffering suffered by her prior to her death under the provisions of Section 2305.21, Revised Code.

The defendant filed a motion, among other things, to strike paragraph four from the first cause of action of the petition which reads as follows:

"Plaintiff further says that as the direct and proximate result of the negligence of the defendant, the decedent's husband, Elmer Barcus, incurred expenses for the following, funeral and burial expenses, cemetery plot, hospital and medical bill and X-rays, in an amount which is unknown to him at present."

The defendant contends that funeral expenses and medical expenses incurred prior to the death of a deceased are not proper elements of damages in a wrongful death action. This is the matter before the court.

Funeral expenses occasioned by the death of a deceased are not recoverable in a survival action under the provisions of Section 2305.21, Revised Code, which reads as follows:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

Under this section, recovery by an administrator is limited to those for the injures accruing during the lifetime of the decedent and do not comprehend damages for death resulting from such injuries, or funeral expenses occasioned by such death. *Hillard* v. *Hillard*, 68 Ohio App. 426.

Neither are medical expenses accruing during the lifetime of a deceased wife a proper element of damages in a survivial negligence action under the provisions of Section 2305.21, Revised Code, unless such expenses were paid by the deceased wife from her own funds or by a contract obligating her to pay such expenses.

In an action by a married woman for personal injury, where there is no evidence showing an implied contract by the married woman to pay for medical expenses incurred

in connection with said injuries, no recovery by a married woman can be had therefor. *Zaso* v. *DeCola*, 72 Ohio App. 297.

The husband of a wife is primarily responsible for his wife's medical expenses and in a death case as the proximate result of the negligence of a wrongdoer, the husband may prosecute an independent action for the recovery of such expenses for which he is liable.

The question therefore presented by the instant motion is whether or not in a wrongful death action under the provisions of Sections 2125.01 et seq., Revised Code, funeral expenses paid by a husband for his deceased wife, and medical expenses incurred because of the injury causing death, before the death of the wife, are proper elements of damages.

Section 2125.02, Revised Code, reads as follows:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. The jury may give such damages as it thinks proportioned to the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought. Except as otherwise provided by law, every such action must be commenced within two years after the death of such deceased person. Such personal representative, if he was appointed in this state, with the consent of the court making such appointment may, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid."

In the petition it is alleged that the husband incurred such expenses.

The question has been the subject of much controversy in Ohio.

In *Buchanan* v. *Battson*, 13 Ohio Law Abs. 551, the court held that funeral expenses paid by a husband constitute a proper element of recovery in an action for the wrongful death of a wife, on the theory that the husband is liable by law for the funeral expenses of his wife.

In *Sprung* v. *Dupont DeNemours & Co.*, 30 Ohio Law

Abs. 278, it was held that funeral expenses paid by a wife or child did not constitute a proper element of recovery in an action for the wrongful death of the husband, for the reason that a widow or a surviving child is not liable by law for the funeral expenses of the husband and father.

In *Gaus* v. *Railroad*, 56 Ohio App. 299, it is stated in the first proposition of the syllabus that in an action for wrongful death the funeral expenses of a decedent not being a pecuniary injury to any of the specified beneficiaries, are not recoverable. In that case the negligence of the husband contributed toward the injury which caused the death of the decedent. He was therefore barred from recovering damages which would include funeral expenses for which he is liable.

In *Albers* v. *Great Central Transport Corp.*, 28 O. O. 287, the court held that in a wrongful death action funeral expenses which have been paid by the beneficiaries, or for which they are liable, constitute a proper element of damages.

Also in *McManus* v. *Buskirk*, 89 Ohio Law Abs. 97, the court held that funeral expenses are recoverable as damages in an action for death by wrongful act. In this case the judgment of the trial court was reversed by the Court of Appeals, which reversal was reversed by the Supreme Court. See *McManus* v. *Buskirk*, 176 Ohio St. 75. However, the question involved was not directly considered by the Supreme Court. The trial court had overruled a motion to vacate a judgment for the plaintiff. The Court of Appeals in reversing the trial court did not have a bill of exceptions before it, an agreed statement of facts, or a finding of facts of the trial court. The Supreme Court therefore held that under the record the Court of Appeals could not reach the conclusion that the trial court had acted improperly.

In *Moss* v. *Hirzel Canning Company*, 100 Ohio App. 509, the husband in an independent action recovered a judgment for funeral and burial expenses of his wife who sustained a fatal injury by the wrongful act of a third person. The court held this was a proper right of action on the ground that it is the husband's duty to provide for

the funeral and burial of his wife. It is also stated in the syllabus that such expenses are not regarded as a pecuniary loss to the wife's estate or recoverable under the wrongful death statute. A motion to certify the record in this case to the Supreme Court was filed in due course but was dismissed on application of both parties.

In 16 Ohio Jurisprudence 2d page 490, Section 133, it is stated that the question of whether funeral expenses constitute a proper element of damages in a wrongful death action does not appear to have been definitely settled in Ohio. However the decision in *Moss* v. *Hirzel Canning Co., supra,* seems to be explicit on the question.

In Ohio Jury Instructions, copyrighted by the Ohio Common Pleas Judges Association and the Ohio Judicial Conference, under Section 23.90 Death, Pecuniary Injury, the following is stated under Exclusions:

"The term pecuniary loss does not include such elements as bereavement, mental pain and suffering of the beneficiaries, or the loss of the society, comfort, or companionship of the deceased because these items are not capable of being measured by any material standard. The medical and funeral expenses of the decedent are not to be considered as part of the pecuniary loss."

The court must therefore come to the conclusion that funeral expenses incurred by a husband for the funeral and burial of his wife who has sustained a fatal injury by the wrongful act of a third person, are not regarded as a pecuniary injury under the wrongful death statutes.

The court must also hold that medical expenses accruing from a fatal injury as the proximate result of the wrongdoing of a third person during the lifetime of a deceased wife, for which the husband has an independent right of action, do not constitute an element of damages under the wrongful death statute.