46

CASWELL *v.* HARRY MILLER EXCAVATING CO. ET AL.

(No. 39469—Decided March 28, 1969.)\*

Common Pleas Court of Tuscarawas County.

*Messrs. Weisman & Jeffries* and *Mr. George J. Demis*, for plaintiffs.

*Messrs. Day, Ketterer, Raley, Wright & Rybolt* for Harry Miller Excavating Company, Inc.

*Messrs. Smith, Renner, Hanhart, Miller & Kyler*, for Michael Mykut.

---

\*No appeal taken.

LAMNECK, J. The plaintiff in this case, William E. Caswell, seeks to recover from the defendants the sum of $2978.61 which he claims he expended for funeral expenses for the burial of Kenneth W. Caswell, his minor son, aged 17 years, a high school senior, who was held in high regard in the community in which he lived, whose death occurred on August 6, 1966.

The plaintiff claims that the death of Kenneth W. Caswell was the direct and proximate result of the negligence of the defendants. This the defendants admit.

All parties waived their right of trial by jury and the issues in this case were submitted to the court without the intervention of a jury.

The undisputed evidence shows the plaintiff expended the sum of $1841.64 for a tombstone for the deceased and the sum of $1178.61 for the services rendered by the Uhrich-Hostetler Funeral Home in connection with the burial of the deceased, which included the following items:

| | |
|---|---|
| General Services, including Casket | $ 865.00 |
| Vault | 125.00 |
| Flowers | 25.00 |
| Cemetery Lot | 155.00 |
| Clergyman | 10.00 |
| Certified Copies | 7.00 |
| Tax | 17.48 |
| | $1204.48 |

With a discount of $25.00 it leaves the sum paid for such services of $1178.61.

The undisputed evidence also shows that the plaintiff as administrator of the estate of said Kenneth W. Caswell, deceased, recovered a judgment of $10,000.00 in this court against the defendants for causing the wrongful death of the deceased. The Probate Court ordered that this entire amount be awarded to the plaintiff as sole beneficiary. The following appears in the Probate Court's order of distribution:

"That all of the proceeds of the wrongful death action

should be distributed to the father of the decedent, provided that he pay all of the costs of the funeral bill and the tombstone in connection with the death of his son, Kenneth William Caswell, and all other expenses that he has contracted for in connection with the litigation of said case."

That the plaintiff, as father of the deceased is primarily liable for the necessary funeral expenses of his minor son is not in dispute. It is stated in 41 Ohio Jurisprudence 2d 315, Section 13 that "the expense of a decent funeral for a deceased minor child is in general a necessity for which the parents may be held liable." See also *In re Roeser's Estate*, 37 Ohio Law Abs. 374.

While necessary funeral expenses incurred for the burial of a minor child is a primary obligation of the father, this does not prevent a father from recovering such necessary expenses for which he is liable from a person whose wrongful act caused the death of his minor child. See *Moss* v. *Hirzel Canning Co.*, 100 Ohio App. 509.

The defendants claim three defenses in whole or part to this action, viz:

1. That the plaintiff is barred from recovering from the defendants for funeral expenses and expenditures for a tombstone by reason of the Probate Court's order in connection with distribution of the judgment for wrongful death of the deceased.

2. That expenditures made for a tombstone are not a necessary funeral expense.

3. That the amounts expended for the tombstone are unreasonable.

This court has held that under Section 2125.01 *et seq.*, Revised Code (Wrongful Death Statutes) funeral expenses are not to be considered as part of the pecuniary loss. See *Barcus* v. *Union Hospital Association*, 14 Ohio Misc. 168.

Section 2125.03, Revised Code, does contain a provision that the Probate Court in distributing proceeds of a Wrongful Death Action, to the beneficiaries, may "consider funeral expenses and other items of expense by reason of the death." While the Probate Court may consider such items,

it cannot make any distribution of any amount recovered for funeral expenses because such expenses are not included in a recovery for wrongful death. Since there was no recovery for funeral expenses in the claim for wrongful death of the deceased on behalf of the beneficiaries, the plaintiff as an individual, who is personally liable for necessary funeral expenses is not barred from recovery of necessary expenses for the funeral and burial of his minor child from a wrongdoer who caused the death of such minor child.

Are reasonable expenditures for a tombstone to be considered as a necessary funeral expense?

Under Section 2113.37, Revised Code, it is provided that the Probate Court may allow an executor or administrator to take credit for a just amount expended by him for a tombstone or monument, but that it is not incumbent upon an executor or administrator to procure a tombstone or monument. Under a similar section, the Supreme Court of Ohio held in *In re Ferguson* (1909), 81 Ohio St. 58, "that the Probate Court was without jurisdiction to entertain and act upon the application of the administrator for an order respecting the purchase of a monument," for a deceased husband and father.

In the body of the opinion of the *Ferguson case,* the court stated "that the erection of a monument to the memory of the deceased could not be regarded as a necessity."

This pronouncement of the Supreme Court applies to executors and administrators in disbursing the ordinary assets of an estate under Section 2113.37, Revised Code, for the purchase of a monument.

What are funeral expenses?

The term funeral expenses includes necessary expenditures arising from the death of a deceased person for embalming, purchase of a coffin, burial or cremation, and the customary rites or ceremonies attendant on disposition of the remains, and it also includes expenditures for burial lots and vaults. See 30 American Jurisprudence 2d 160, Section 322.

In this day and age, a father who is able and who does

not mark the grave of a respectable deceased minor child in his teens, is considered derelict in his duty and devoid of public respect and esteem.

While the furnishing of flowers for a funeral and the purchase of a tombstone or marker are not absolute necessities, a reasonable expenditure for such items for a respectable teen age son is appropriate and in harmony with the feelings and sentiments of an enlightened humanity and a reasonable sum expended therefor are to be considered necessary funeral expenses.

The court is of the opinion that the bill of the funeral director in this case does not include any unreasonable expenditure for the interment of the deceased and is appropriate, considering the amount of such expenses, the plaintiff's station in life and the respect and esteem which the community had for his deceased son. These expenditures are therefore to be considered as necessities and the plaintiff is entitled to recover from the defendants therefor the sum of $1178.61.

The plaintiff seeks to recover from the defendants the sum of $1841.64 expended for a monument for the deceased son. The monument erected for the son is an elaborate piece of work and is intended to perpetuate the memory of the deceased as an adept golf player, a golf grounds keeper and a devoted son. The purchase of such a monument cannot be considered as a necessity. Under the facts and circumstances of the case, the court is of the opinion that an expenditure of $300.00 for a marker or monument would have been appropriate as a necessity and that the plaintiff is entitled to recover $300.00 from the defendants for that purpose.

*Judgment accordingly.*