## SURGICAL AND MEDICAL NEUROLOGY ASSOCIATES, INC. *v.* LEVAN.

(No. 81 CVF 08036—Decided March 26, 1982.)

Summit County Municipal Court.

*Mr. Robert H. Brown,* for plaintiff.
*Mr. Michael L. McGowan,* for defendant.

SCHNEIDERMAN, J. This cause came on for trial on March 5, 1982, on the complaint of the plaintiff, Surgical and Medical Neurology Associates, Inc., seeking judgment against the defendants, Bobbie and Jarvis L. Levan, and upon the answers of the defendants.

Judgment was separately rendered on March 8, 1982, in favor of the plaintiff and against the defendant, Bobbie Levan, as prayed for in its complaint.

A trial was held between the plaintiff and the defendant, Jarvis L. Levan. The facts were generally undisputed and were as follows at all times pertinent herein.

Jarvis L. Levan and Bobbie Levan were husband and wife and lived together. They had infrequent communications, but Jarvis L. Levan would give

his wife his earnings, and she handled the household finances. Bobbie Levan had no employment and was dependent on her husband for support and maintenance. Jarvis L. Levan had Blue Cross/Blue Shield hospitalization and medical insurance coverage through his employer, Ford Motor Company, and this policy covered his wife.

In September 1980, Bobbie Levan sought the medical services of the plaintiff and on the 15th day of that month signed an agreement to pay for these services. She also supplied the plaintiff with insurance forms obtained by her husband and signed by him in blank. Jarvis L. Levan had routinely supplied these forms to his wife and on this occasion, as normal, gave her the form without any inquiry by him or statement by her.

Jarvis L. Levan had no knowledge of his wife's need for medical services or of her treatment until after the same was completed, when told by his son. Further, he had no knowledge of the claim by the plaintiff until he received notice of this lawsuit.

The parties stipulated that the plaintiff performed the medical services on Bobbie Levan, that the same were necessary and that the charges of $3,046 were both fair and reasonable. Further, plaintiff did not receive any payment from Blue Cross/Blue Shield or from Bobbie Levan and the entire sum remains due and owing.

Plaintiff billed only Bobbie Levan for the services and looked to her and the insurance company for payment.

The issue is whether Jarvis L. Levan is liable for his wife's medical services.

R.C. 3103.03 provides in part as follows:

"The husband must support * * * his wife * * * out of his property or by his labor. * * *

"* * * If he neglects to support his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband * * *."

This statute is declaratory of the common-law rule. It makes the husband primarily liable for necessaries provided to his wife. 28 Ohio Jurisprudence 2d (1958) 167, Husband and Wife, Section 51.

The obligation to pay for necessaries arises under well-recognized rules of necessity and public policy, making it the legal and moral duty of a husband to pay for the sustenance and medical assistance furnished to his wife. *Id.*

Further, the word "support," as used in R.C. 3103.03, includes medical and hospital services. *Door County Memorial Hospital* v. *Cole* (App. 1960), 88 Ohio Law Abs. 10; *Cleveland Railway Co.* v. *Kuncic* (1927), 26 Ohio App. 275, motion to certify overruled (1928), 26 Ohio App. xlv; *Smith* v. *Sutter* (1951), 90 Ohio App. 320 [47 O.O. 427].

In this case, the parties stipulated that the medical services performed were necessary and that the charges made were fair and reasonable.

The husband's liability for medical services furnished to his wife can arise under the following three general circumstances:

1. Where there is an express or implied contract between the husband and the medical provider.

2. Where, by a course of conduct or express authority, the wife is authorized as the agent of the husband and she pledges his credit.

3. Where the husband fails to perform his legal duty in furnishing necessary medical services.

The above three circumstances were outlined and discussed in *Heym* v. *Juhasz* (App. 1943), 45 Ohio Law Abs. 571.

The first circumstance is where there is a contractual relationship between the husband and the provider. There is no evidence of a contract between the plaintiff and Jarvis L. Levan, and in fact, the plaintiff does not claim a contract with

him. The evidence was clear that the only contract was between Bobbie Levan and the plaintiff. The agreement, which was Exhibit A to the complaint and introduced into evidence, was between Bobbie Levan and plaintiff, and by the terms of that agreement she promised as follows:

"* * * Accordingly, by signing this agreement you acknowledge and agree that in consideration of the services we render to you it is your sole responsibility and obligation to pay our fees. This means that to the extent that the insurance company (Medicare included) does not pay our fee, in whole or in part, it is your obligation to do so * * *."

There is nothing in that agreement, the other exhibits or the testimony that would indicate that the parties intended to include Jarvis L. Levan as a party to that agreement, nor is there any other expressed or implied understanding in connection with the services rendered by the plaintiff.

In the second circumstance, liability may be imposed when there is an agency relationship, either expressed or implied. A wife can have authority to bind her husband to an obligation and pledge his credit. There is no evidence revealing a grant of actual authority by the husband to the wife, and the only indication of any implied authority was the signing of the insurance form by Jarvis L. Levan. But Jarvis L. Levan had no knowledge of the purpose for the form or that the wife needed the medical attention; there was simply no communication between the parties relative to that matter. This court cannot imply authority to bind a husband by his simply signing an insurance form because that act, by itself, demonstrates very little. In fact, the use of the insurance form would infer payment by that company.

There is no evidence that Bobbie Levan intended to or attempted to act as her husband's agent, nor was there any evidence that she represented herself as pledging her husband's credit. All the evidence demonstrates that Bobbie Levan was acting on her own behalf when she contracted for the services with plaintiff.

Further, Jarvis L. Levan did not acquiesce as to any responsibility for this obligation nor can any be imputed.

Finally, under the third condition, liability may be imposed upon the husband for neglect to provide necessaries. When a husband neglects to provide necessary medical services, he can be held liable for the reasonable value of those services. *Heym* v. *Juhasz, supra; Smith* v. *Sutter, supra; Cleveland Railway Co.* v. *Kuncic, supra.* In this case, there was no evidence that Jarvis L. Levan failed to provide the necessary medical services for this wife. There is no evidence of any refusal to provide or of any request made for such provision.

But, the husband has no liability under the third circumstance, as well as the first two, when a wife, by agreement with the provider, becomes solely responsible for the goods or services provided to her. *Tille* v. *Finley* (1933), 126 Ohio St. 578; *Lederer* v. *White* (1908), 33 Ohio C.C. 612. A specific contract between the wife and the person providing the medical services which states the wife shall be personally liable releases the husband from liability for those services. *Withrow* v. *Boone* (C.P. 1914), 16 Ohio N.P. (N.S.) 506; *Thon* v. *Jewish Hospital* (C.P. 1933), 31 Ohio N.P. (N.S.) 470. Plaintiff cannot seek judgment against the husband when his credit was not relied upon. *Attorneys Service Co.* v. *Monk* (1925), 19 Ohio App. 16.

The facts in *Tille* v. *Finley, supra,* were very similar to this case. Dr. Finley had furnished medical services to Grace Tille. The charge was against Mrs. Grace Tille, and she was the individual to whom the doctor looked for payment even though he knew that she was then the wife of Harry Tille. The Ohio Supreme Court in its syllabus held as follows:

"1. A husband is not unconditionally liable for necessaries furnished his wife.

14

"2. To render a husband liable for necessaries furnished his wife, they must have been furnished on his credit."

It is interesting that nearly fifty years ago, the Ohio Supreme Court in *Tille* v. *Finley, supra,* noted the change in the marriage relationship. It stated at page 579 that formerly courts "were inclined to hold that the marriage relationship created an unconditional liability on the part of the husband for necessaries furnished the wife," and went to note the strong reasons for that view. It noted, "the wife was mother, matron and maid" and that she was "shackled to her husband by the common law." The court reflected on the evolution of the marriage relationship and the gradual change in the husband's duty to furnish his wife's necessaries.

This court need only briefly reflect on the continued evolution, and in recent years a revolution, in the woman's position in the marriage relationship. To read the *Tille* case today, it seems more a prediction of the events that followed than a reflection on the events preceding that decision.

This court welcomes the woman to her rightful place in the marriage relationship. Much of the change was long overdue, but with the greater equality must come a sharing of responsibility. This court sees no reason to retain or resurrect any vestiges of the past; therefore, a husband is not liable for medical services furnished to his wife when the obligation for the same was contracted on the sole credit of his wife.

This court finds as the court did in the *Tille* case in its last paragraph, on page 582, that the medical services in this case upon which this claim is based were at the "solicitation and request" of Bobbie Levan; plaintiff extended credit to Bobbie Levan and looked to her alone for payment; and Jarvis L. Levan was her husband at the time the services were rendered.

The holding in *Tille* v. *Finley, supra,*

was followed and approved by the Ohio Supreme Court in *Hudock* v. *Youngstown Municipal Ry. Co.* (1956), 164 Ohio St. 493 [58 O.O. 345]. In the last sentence of the first paragraph of the syllabus of that case, the Supreme Court set forth the corollary to the *Tille* case as follows:

"* * * To render a married woman liable for her medical expenses, they must have been furnished on her credit."

The medical services furnished by the plaintiff to Bobbie Levan were not furnished on the credit of Jarvis L. Levan, and therefore, there is no liability on the part of Jarvis L. Levan for the services rendered by the plaintiff herein.

It is therefore ordered, adjudged and decreed that judgment is hereby rendered in favor of the defendant, Jarvis L. Levan, and against the plaintiff, Surgical and Medical Neurology Associates, Inc., and that the complaint of the plaintiff as to this defendant, Jarvis L. Levan, be dismissed on the merits and with prejudice. Costs to the plaintiff.

*Complaint dismissed.*