PIERGOVANNI, A MINOR, PLAINTIFF-APPELLEE, *v.* SHIPTON, JR., OF THE ESTATE OF JEANNETTE M. SHIPTON, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4183.   Decided March 6, 1962.

*Mr. Martin S. Goldberg,* for plaintiff-appellee.
*Messrs. Stephens, Stephens & Wilkes,* for defendant-appellant.

DONAHUE, J.   This is an appeal on law only, from a verdict and judgment in the court of common pleas.

Plaintiff-appellee sued defendant-appellant as administrator of the deceased's estate.   Deceased owned a car in which she drove back and forth to work.   She picked up plaintiff at plaintiff's home daily and returned her there after each day's work.

Plaintiff claimed this was under an oral contract of transportation for which she paid $4.00 per month, thus avoiding the guest statute.

On March 17, 1959, the girls were involved in an accident, apparently caused when deceased pulled out of a line of traffic into the path of an oncoming truck.   Deceased died as a result and plaintiff was injured.

Because of Section 2317.03, Revised Code, this plaintiff was not permitted to prove her alleged contract through her own testimony.

The only evidence given on the contract was that of a third girl who ate lunch daily with the other two, or had done so for some three months. She testified that on one occasion she had seen plaintiff give to deceased an unknown amount of money and heard deceased's comment that "Now we will have money for gas." This is the complete case insofar as the contract of transportation is concerned.

Assignments of error include the overruling of defendant's motions for directed verdicts and for judgment non obstante veredicto. It is his claim that the above evidence did not entitle plaintiff to have her case go to the jury. Plaintiff claims that this evidence is sufficient to raise an inference and establish a jury question.

Paragraphs 1, 2 and 4 of the syllabus of *Hasbrook* v. *Wingate*, 152 Ohio St., 50, are as follows:—

"1. A person seeking to recover from a motorist for injuries suffered because of the latter's negligent operation of the car while the former was riding with him has, under Section 6308-6, General Code, the burden of showing that the rider paid or agreed to pay for his transportation.

"2. Although a contract or arrangement for the transportation of a 'passenger' may be express or implied, no implied contract or obligation having the effect of increasing the risk of liability of the motorist by reason of a 'passenger' status may come into operation by reason of the mere payment of a small sum, unless such payment is made under such facts and circumstances as raise an inference of the acquiescence of the motorist in the assumption of such increased risk of liability.

"4. The test whether a passenger status existed at the time of an accident resulting in an injury to the passenger is the existence of the right of the motorist host to recover in an action at law the reasonable or agreed value of the transportation furnished."

These paragraphs set forth the measure of a "passenger" outside the guest law.

Measured by these rules, we find that the evidence in this case is very slim and depends to a large extent on inferences.

However, under the rule of *Perko* v. *Union*, 171 Ohio St., 68, the judge could not find that there was "no evidence to support a judgment for plaintiff" (P. 70), and therefore could

472

not direct a verdict. Neither can we find there was no evidence to support a judgment and therefore must support the verdict.

The only error not covered by the above is the general one of "other errors apparent from the face of the record." If there be any such, appellant has failed to call them to our attention and a perusal of the record reveals none.

Judgment affirmed.

BROWN, P. J., and GRIFFITH, J., concur.