SCHWAB, ADMX., ET AL., APPELLANTS, v. WALTERS, APPELLEE.

[Cite as Schwab v. Walters (1971), 35 Ohio App. 2d 5.]

(No. 11542—Decided August 23, 1971.)

*Mr. Robert G. McIntosh,* for appellants.
*Mr. Edward J. Utz,* for appellee.

HESS, P. J. This is an appeal from the Court of Common Pleas of Hamilton County, on a judgment entered in favor of the defendant, appellee herein, pursuant to the sustaining of a motion for a directed verdict in favor of the defendant at the close of the plaintiffs' (the appellants herein) evidence.

It appears from the record that on the night of June 21, 1964, Daniel Schwab, Kerry McGrath and Thomas B. Duffy, together with two other young men, all of whom were residents of the general area of Cheviot, Ohio, had driven in an automobile to an area adjacent to the White Water River, which flows through the western part of Hamilton County, for the purpose of locating a picnic ground for a picnic in celebration of their graduation from high school.

After parking their automobile and scouting the area they returned to their car and discovered that the keys to

their vehicle were lost. One Jerome Walters was in the immediate vicinity and when he observed the group looking for something he inquired about their problem. Upon being advised of the loss of the keys, Mr. Walters loaned the group his flashlight but the keys were not found. Mr. Walters was then asked by one of the five young men if he would drive them to Cheviot in his car for the purpose of obtaining a duplicate set of keys. Mr. Walters refused to comply with this request and the five stranded young men then engaged in a conversation with Mr. Walters relative to paying him to transport them to Cheviot. The amount of money in the possession of the group was limited, and the testimony supports the conclusion that $1.50 was collected and given to Mr. Walters who then received four of the group into his automobile and proceeded to drive toward Cheviot. In addition to the four persons mentioned and Mr. Walters, there were two other persons in the automobile when it was driven from the White Water River area.

While proceeding on state Route 128, the automobile driven by Mr. Walters left the road, struck a utility pole and a tree resulting in the death of Daniel Schwab, Kerry McGrath and Thomas B. Duffy.

Suits were filed on behalf of the parents as administrators of the estates of the three decedents in separate actions for wrongful death, claiming the three deceased persons mentioned were passengers in the autmobile driven by Jerome Walters, defendant in each suit.

The three cases were consolidated and tried as one in the Court of Common Pleas.

At the conclusion of the evidence presented at the trial on behalf of the administrators of the deceased persons, the court granted a motion to direct a verdict in favor of Jerome Walters and entered judgment accordingly. It is from that judgment this appeal is taken.

Counsel for the plaintiffs presents one assignment of error and that is that "the court below committed error prejudicial to the plaintiffs in granting a motion for a directed verdict."

This assignment of error raises the question of whether the evidence offered on behalf of the plaintiffs, considered most favorably to them, is such that reasonable minds could come to no other conclusion than that Schwab, Duffy and McGrath were guests in the automobile of Walters at the time of their demise and not passengers under the provisions of the guest statute, R. C. 4515.02, which, as pertinent here, provides:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported *without payment therefor* in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle." (Emphasis added.)

It is elementary that when the court was presented with the motion for a directed verdict for the defendant, it was obliged to give the evidence offered by the plaintiffs its most favorable consideration.

There is evidence in the record that the defendant refused to transport the deceased persons and their companions to the Cheviot area when first requested to do so; that the defendant later accepted a sum of money and then did undertake to provide the requested transportation in his motor vehicle.

Counsel for the defendant contends that plaintiffs' evidence fails to establish there was any payment received by him; that if $1.50 was paid by the stranded group of young men it was not substantially commensurate with the cost of transportation; and that when the sum paid for transportation is not substantially commensurate with the cost of such transportation the rider is a guest and not a passenger. He cites *Duncan* v. *Hutchinson*, 139 Ohio St. 185; *Hasbrook* v. *Wingate*, 152 Ohio St. 50; 6A Ohio Jurisprudence 2d 208, 209, Automobiles, Section 246, and *Burrow* v. *Porterfield*, 171 Ohio St. 28 in support of his contention.

In *Burrow, supra,* Judge Matthias quoted *Hasbrook, supra,* at page 34, as follows:

"Although a contract or arrangement for transportation of a passenger may be express or implied, no *implied* contract or obligation having the effect of increasing the liability of the motorist by reason of a 'passenger' status may come into operation by reason of the mere payment of a small sum unless such payment is made under such facts and circumstances as would raise an inference of the acquiescence of the motorist in the assumption of such increased liability. In other words, to create the status of 'passenger' when there is no express agreement for transportation with payment therefor, the surrounding circumstances must be such as to indicate to the motorist, as a reasonable person, that one enjoying transportation at his hands is riding as his 'passenger' rather than as his 'guest.' "

On the other hand, in cases of express contracts for transportation, the adequacy or inadequacy of the payment made by the rider is immaterial. *Miller* v. *Fairley,* 141 Ohio St. 327.

Applying the principles of law expressed in *Burrow* v. *Porterfield, supra,* to the evidence presented by the plaintiffs herein, it cannot be said that a reasonable person could come to no other conclusion than that Schwab, Duffy and McGrath were guests and not passengers. The evidence on behalf of the plaintiffs is more than sufficient to require defendant to proceed with his defense. *Piergovanni* v. *Shipton,* 26 Ohio Op. 2d 467; *Perko* v. *Union,* 171 Ohio St. 68.

The judgment in favor of the defendent is reversed and this cause is remanded to the Court of Common Pleas of Hamilton County, for further proceedings according to law.

*Judgment reversed.*

Young and Shannon, JJ., concur.